Donald G. Norris (SBN 90000)
Douglas F. Galanter (SBN 93740)
Norris & Galanter LLP
523 W. Sixth St., Suite 716
Los Angeles, CA 90014
Tel:  213-232-0855
Fax:  213-286-9499
dnorris@norgallaw.com
dgalanter@norgallaw.com

William F. Cavanaugh (SBN 133461)
Edward R. Tempesta (*pro hac vice* application forthcoming)
William F. Schmedlin (*pro hac vice* application forthcoming)
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 336-2000
Fax:        (212) 336-2222
wcavanaugh@pbwt.com
ertempesta@pbwt.com
wschmedlin@pbwt.com

Attorneys for Defendants
MEDICIS AESTHETICS, INC., MEDICIS PHARMACEUTICAL CORP., VALEANT PHARMACEUTICALS NORTH AMERICA LLC, VALEANT PHARMACEUTICALS INTERNATIONAL, and VALEANT PHARMACEUTICALS INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLERGAN USA, INC., and ALERGAN INDUSTRIE, SAS,<br><br>            Plaintiffs,<br><br>     v.<br><br>MEDICIS AESTHETICS, INC., MEDICIS PHARMACEUTICAL CORP., VALEANT PHARMACEUTICALS NORTH AMERICA LLC, VALEANT PHARMACEUTICALS INTERNATIONAL, and VALEANT PHARMACEUTICALS INTERNATIONAL, INC.,<br><br>            Defendants. | Case No.:  SACV13-01436 AG (JPRx)<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants Medicis Aesthetics, Inc. and Medicis Pharmaceutical Corp. (collectively "Medicis") and Defendants Valeant Pharmaceuticals North America LLC, Valeant Pharmaceuticals International, and Valeant Pharmaceuticals International, Inc. (collectively "Valeant" and, together with Medicis, "Defendants"), by their undersigned attorneys, for their Answer to claims asserted in Plaintiffs Allergan USA, Inc. and Allergan Industrie, SAS (collectively "Allergan") Complaint, allege as follows.  Medicis and Valeant deny each and every allegation contained in Allergan's Complaint that was not specifically admitted, denied or otherwise responded to in this Answer.

## NATURE OF THE ACTION

1. Medicis and Valeant admit that Allergan purports to bring an action under the Patent Laws of the United States, including 35 U.S.C. § 271, for infringement of United States Patent No. 8,450,475.

## THE PARTIES

2. Medicis and Valeant deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint, and therefore deny those allegations.

3. Medicis and Valeant deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint, and therefore deny those allegations.

4. Medicis and Valeant deny the allegations in paragraph 4 of the complaint.  Medicis Aesthetics, Inc. no longer exists as a separate legal entity.  The corporation was merged completely into Medicis Pharmaceutical Corp in 2012.

5. Medicis and Valeant admit that Medicis Phamaceutical Corp. is a corporation organized under the laws of the State of Delaware with its principal place of business at 7720 N. Dobson Rd., Scottsdale, AZ 85456.

1    6.    Medicis and Valeant admit that Valeant Pharmaceuticals North America LLC is a corporation organized under the laws of the State of Delaware with its principal place of business at 700 Route 202/206, Bridgewater, NJ 08807.

7.    Medicis and Valeant admit that Valeant Pharmaceuticals International is a corporation organized under the laws of the State of Delaware but deny that its principal place of business is located at 7545 Irvine Center Dr. #100, Irvine, CA 92618.  Valeant Pharmaceuticals International has its principal place of business at 700 Route 202/206, Bridgewater, NJ 08807.

8.    Medicis and Valeant admit that Valeant Pharmaceuticals International, Inc., is a corporation organized under the laws of Canada with its principal place of business at 2150 St. Elzear Blvd. West, Laval, Quebec H7L4A8, Canada.

9.    Medicis and Valeant deny the allegations in paragraph 9 of the complaint.   Medicis Aesthetics, Inc. no longer exists as a separate legal entity.  The corporation was merged completely into Medicis Pharmaceutical Corp. in 2012.  Medicis Pharmaceutical Corp. is a wholly-owned subsidiary of Valeant Pharmaceuticals International.

10.   Medicis and Valeant deny the allegations in paragraph 10 of the complaint, except admit that Valeant Pharmaceuticals North America LLC is a subsidiary of Valeant Pharmaceuticals International.  Valeant Pharmaceuticals International is an indirect subsidiary of Valeant Pharmaceuticals International, Inc.

**JURISDICTION AND VENUE**

11.   Medicis and Valeant deny the allegations of paragraph 11 of the Complaint except admit that Allergan purports to assert claims for patent infringement pursuant to  Title 35, United States Code and that Allergan purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.   Medicis and Valeant deny the allegations in paragraph 12 of the complaint, but admit that Allegan alleges both that venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(b) and that Medicis and Valeant are subject to

1  personal jurisdiction in this judicial district and have committed acts of patent
2  infringement in this judicial district.
3      13.    Medicis and Valeant deny the allegations in paragraph 13 of the
4  Complaint, except admit that Medicis Pharmaceuticals Corp. has sold products within
5  this District.
6      14.    Medicis and Valeant deny the allegations in paragraph 14 of the
7  Complaint, except admit that Medicis Pharmaceuticals Corp. has sold products within
8  this District.
9      **III.   The Patent-in-Suit**
10     15.    Medicis and Valeant admit that the '475 patent attached to Allergan's
11 Complaint states that it was issued to Pierre F. Lebreton on May 28, 2013 and is
12 entitled "Hyaluronic Acid-Based Gels Including Lidocaine."
13     16.    Medicis and Valeant deny having knowledge or information sufficient to
14 form a belief as to the truth of the allegations contained in paragraph 16 of the
15 Complaint.
16     17.    Medicis and Valeant deny having knowledge or information sufficient to
17 form a belief as to the truth of the allegations contained in paragraph 17 of the
18 Complaint.
19     **IV.   Background**
20     18.    Medicis and Valeant deny having knowledge or information sufficient to
21 form a belief as to the truth of the allegations contained in paragraph 18 of the
22 Complaint.
23     19.    Medicis and Valeant admit the allegations contained in paragraph 19 of
24 the Complaint.
25     20.    Medicis and Valeant deny having knowledge or information sufficient to
26 form a belief as to the truth of the allegations contained in paragraph 20 of the
27 Complaint.
28

1	21.	Medicis and Valeant deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.	Medicis and Valeant deny the allegations in paragraph 22 of the complaint, except admit that Medicis Pharmaceutical Corp. imports into and sells in the United States Restylane-L®, an injectable dermal filler containing hyaluronic acid and lidocaine, that is indicated for the correction of moderate to severe facial wrinkles and folds.

23.	Medicis and Valeant deny the allegations in paragraph 23 of the complaint, except admit that Medicis Pharmaceutical Corp. imports into and sells in the United States Perlane-L®, an injectable dermal filler containing hyaluronic acid and lidocaine, that is indicated for the correction of moderate to severe facial wrinkles and folds.

24.	Medicis and Valeant admit that Allergan purports to use the term "Accused Products" when referencing Restylane-L® and Perlane-L®.

25.	Medicis and Valeant admit that they sell, offer for sale, and distribute the products Restylane-L® and Perlane-L® in the United States and within the Central District of California.

26.	Medicis and Valeant deny the allegations in paragraph 26 of the complaint, except admit that Q-Med AB, a Swedish company, manufactures Restylane-L® and Perlane-L® in Sweden and sells those products to a corporation associated with Medicis and Valeant.

27.	Medicis and Valeant admit that Q-Med AB was acquired in 2011 by Galderma Pharma SA, a company organized in Switzerland.

28.	Medicis and Valeant deny the allegations in paragraph 28 of the complaint, except admit that they were aware of Allergan's JUVEDÉRM® products.

# COUNT I

29. Medicis and Valeant incorporate as if fully set forth herein each and every response to the allegations in paragraphs 1 through 28.

30. Medicis and Valeant deny the allegations of paragraph 30 of the Complaint.

31. Medicis and Valeant deny the allegations of paragraph 31 of the Complaint.

32. Medicis and Valeant deny the allegations of paragraph 32 of the Complaint.

33. Medicis and Valeant deny the allegations of paragraph 33 of the Complaint, and deny that Plaintiffs have been damaged in any amount or at all.

## DEFENSES

### FIRST DEFENSE – PATENT INVALIDITY

1. Every claim of the '475 patent is invalid, void, and/or unenforceable for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and 112.

### SECOND DEFENSE – NON-INFRINGEMENT

2. Medicis and Valeant have not infringed and do not infringe any valid and enforceable claim of the '475 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

### THIRD DEFENSE – NO INDUCEMENT

3. Medicis and Valeant have not induced others, and do not induce others, to infringe any valid and enforceable claim of the '475 patent.

### FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

4. Allergan is estopped from asserting that Medicis and Valeant have infringed or are infringing the '475 patent by virtue of statements, amendments of claims and arguments and other statements made during the prosecution of the patent and related patent applications.

# PRAYER FOR RELIEF

WHEREFORE, Medicis and Valeant respectfully request that the Court deny the relief Allergan requested in its Complaint and enter judgment against Allergan as follows:

A. Dismissing Allergan's Complaint with prejudice, and denying any claim for relief prayed for therein;

B. Enjoining Allergan, its officers, agents, servants, employees and attorneys, and all parties in active concert with it from directly or indirectly charging infringement, or instituting any further action for infringement of the '475 patent against Medicis and Valeant and/or any of their affiliates, contractors, customers, licensees or potential customers or licensees;

C. Declaring that the claims of the '475 patent are invalid and/or unenforceable;

D. Declaring that the claims of the '475 patent are not infringed by Medicis and Valeant;

E. Declaring this case to be exceptional within the meaning of 35 U.S.C. § 285, and awarding Medicis and Valeant the attorneys fees, costs, and expenses that they incur in connection with this action; and

F. Awarding Medicis and Valeant such other and further relief as this Court shall deem just and proper.

| | |
|---|---|
| 1 | Respectfully Submitted, |
| 2 | |
| 3  Dated: November 8, 2013 | By:  /s/ |
| 4 | |
| 5 | Donald G. Norris |
|   | Douglas F. Galanter |
| 6 | dnorris@norgallaw.com |
|   | dgalanter@norgallaw.com |
| 7 | |
| 8 | NORRIS & GALANTER LLP |
| 9 | 523 W. Sixth St., Suite 716 |
|   | Los Angeles, CA 90014 |
| 10 | |
| 11 | Of Counsel: |
| 12 | William F. Cavanaugh |
|    | Edward R. Tempesta |
| 13 | William F. Schmedlin |
| 14 | wcavanaugh@pbwt.com |
|    | etempesta@pbwt.com |
| 15 | wschmedlin@pbwt.com |
| 16 | |
|    | PATTERSON BELKNAP WEBB |
| 17 |   & TYLER LLP |
| 18 | 1133 Avenue of the Americas |
|    | New York, New York 10036 |
| 19 | (212) 336-2000 |
| 20 | *Attorneys for Defendants* |
| 21 | MEDICIS AESTHETICS, INC., MEDICIS |
|    | PHARMACEUTICAL CORP., VALEANT |
| 22 | PHARMACEUTICALS NORTH AMERICA |
| 23 | LLC, VALEANT PHARMACEUTICALS |
|    | INTERNATIONAL, and VALEANT |
| 24 | PHARMACEUTICALS INTERNATIONAL, |
| 25 | INC. |