Juanita R. Brooks (CA Bar No. 75934) (brooks@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Craig E. Countryman (CA Bar No. 244601) (countryman@fr.com)
FISH & RICHARDSON P.C.
555 W. 5th Street, 31st Floor
Los Angeles, California 90013
Telephone: (213) 533-4240 / Fax: (213) 996-8304

Jonathan E. Singer (CA Bar No. 187908) (singer@fr.com)
Michael J. Kane (kane@fr.com)
FISH & RICHARDSON P.C.
60 South Sixth Street, Suite 3200
Minneapolis, MN 55402
Telephone: (612) 335-5070 / Fax: (612) 288-9696

Susan M. Coletti (coletti@fr.com)
Elizabeth M. Flanagan (eflanagan@fr.com)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
Telephone: (302) 652-5070 / Fax: (302) 652-0607

Attorneys for Plaintiffs
ALLERGAN USA, INC. and ALLERGAN INDUSTRIE, SAS

Donald G. Norris (SBN 90000)
Douglas F. Galanter (SBN 93740)
Norris & Galanter LLP
523 W. Sixth St., Suite 716
Los Angeles, CA 90014
Tel:   213-232-0855/ Fax:  213-286-9499
dnorris@norgallaw.com
dgalanter@norgallaw.com

William F. Cavanaugh (SBN 133461)
Edward R. Tempesta (*pro hac vice* application forthcoming)
William F. Schmedlin (*pro hac vice* application forthcoming)
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 336-2000/ Fax:  (212) 336-2222
wcavanaugh@pbwt.com
ertempesta@pbwt.com
wschmedlin@pbwt.com

Attorneys for Defendants
MEDICIS AESTHETICS, INC., MEDICIS PHARMACEUTICAL CORP.,
VALEANT PHARMACEUTICALS NORTH AMERICA LLC,
VALEANT PHARMACEUTICALS INTERNATIONAL,
and VALEANT PHARMACEUTICALS INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ALLERGAN USA, INC. and ALLERGAN INDUSTRIE, SAS,

Plaintiffs,

v.

MEDICIS AESTHETICS, INC., MEDICIS PHARMACEUTICAL CORP., VALEANT PHARMACEUTICALS NORTH AMERICA LLC, VALEANT PHARMACEUTICALS INTERNATIONAL and VALEANT PHARMACEUTICALS INTERNATIONAL, INC.

Defendants.

Case No. 8:13-cv-01436 AG (JPRx)

**JOINT REPORT OF EARLY MEETING OF COUNSEL**

Scheduling Conference: January 13, 2014, 9:00 a.m.

In accordance with Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's Order Re Early Meeting of Parties and Scheduling Conference (Doc. No. 27), counsel for Plaintiffs Allergan USA, Inc. and Allergan Industrie, SAS (collectively, "Allergan" or "Plaintiffs") and Defendants Medicis Aesthetics, Inc. and Medicis Pharmaceutical Corp. (collectively "Medicis"), and Valeant Pharmaceuticals North America LLC, Valeant Pharmaceuticals International, and Valeant Pharmaceuticals International, Inc. (collectively "Valeant") (collectively, "Defendants") (together with Allergan, the "Parties"), by and through their respective counsel, submit this Joint Report following their Early Meeting of Parties held on December 5, 2013. This Report includes the information required by this Court's Order Re Early Meeting of Parties and Scheduling Conference, Fed. R. Civ. P. 26(f), and L.R. 26-1, and notes the Parties' disagreements on issues where applicable.

# I. REQUIREMENTS UNDER FEDERAL RULE 26(f)

## A. Nature and Basis for Claims and Defenses — Rule 26(f)(2)

Allergan is a developer, manufacturer and distributor of dermal filler products, including JUVÉDERM Ultra XC, JUVÉDERM Ultra Plus XC, and JUVÉDERM Voluma XC ("Allergan's JUVÉDERM products"). Dermal fillers are products that are injected into facial tissue to smooth wrinkles and folds, especially around the nose and mouth. Allergan's JUVÉDERM products are injectable hyaluronic acid gels that contain a small quantity of local anesthetic, lidocaine.

Allergan Industrie, SAS has obtained United States Patent Nos. 8,450,475 (the "'475 patent") and 8,357,795 (the "'795 patent"), both entitled "Hyaluronic Acid-Based Gels Including Lidocaine." Allergan USA, Inc. is the exclusive licensee of the '475 and '795 patents.

Medicis Pharmaceutical Corp. markets, sells, and distributes hyaluronic acid dermal fillers containing lidocaine in the United States under the tradenames Restylane-L and Perlane-L (the "Accused Products"). Medicis Aesthetics, Inc. was merged into Medicis Pharmaceutical Corp. and no longer exists. Medicis Pharmaceutical Corp. is owned by Valeant Pharmaceuticals International. Valeant Pharmaceuticals International also owns Valeant Pharmaceuticals North America LLC. Valeant Pharmaceuticals International, Inc. is one of the ultimate parent companies of Valeant Pharmaceuticals International.

On September 13, 2013, Allergan filed this case alleging direct infringement of the '475 patent by Defendants' sales, offers to sell, and/or importation of the Accused Products, and indirect infringement because of Medicis' and Valeant's active encouragement to customers to use the Accused Products. On December 6, 2013, by stipulation of the Parties, Allergan filed an amended complaint adding a claim of direct infringement of the '795 patent by Medicis' and Valeant's sales,

offers to sell, and/or importation of the Accused Products, and indirect infringement because of Medicis' and Valeant's active encouragement to customers to use the Accused Products.  (Doc. Nos. 28, 30-31.)  Allergan is seeking damages and a permanent injunction as relief from Medicis' and Valeant's alleged infringement.  The Court has not yet approved the Parties' stipulation.

On November 8, 2013, Medicis and Valeant filed their Answer to the initial complaint denying Allergan's claim of infringement and asserting defenses, including invalidity, non-infringement, lack of inducement, and prosecution history estoppel.  (Doc. No. 26.)  Medicis and Valeant have not yet answered the Amended Complaint.

The Parties agree that the issues to be decided in this action include:

- Whether Defendants' sales, offer to sell, and/or importation of the Accused Products infringe one or more claims of the '475 and '795 patents under 35 U.S.C. § 271(a);

- Whether Defendants have actively encouraged customers to use the Accused Products and thereby infringe one or more claims of the '475 and '795 patents under 35 U.S.C. § 271(b);

- Whether one or more claims of the '475 and '795 patents are invalid under 35 U.S.C. § 1 *et seq.*;

- The amount of damages Plaintiffs should be awarded under 35 U.S.C. § 284 if Defendants are found liable for infringing one or more valid claims of the '475 and '795 patents;

- Whether Defendants should be permanently enjoined if Defendants are found liable for infringing one or more valid claims of the '475 and '795 patents; and

- Whether either Party should be awarded its costs, expenses and/or reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

**B. Timing of Initial Disclosures — Rule 26(f)(3)(A)**

Pursuant to an agreement between the Parties, the Parties exchanged Fed. R. Civ. P. 26(a)(1)(A) initial disclosures on December 16, 2013. The Parties reserve their rights to amend such disclosures as discovery progresses.

**C. Subjects, Timing, and Phasing of Discovery — Rule 26(f)(3)(B)**

1. Scope of Anticipated Discovery

**Allergan**: Allergan intends to pursue discovery relating to the factual and legal issues set forth herein above and in its Amended Complaint and in Defendants' Answer and Answer to the Amended Complaint. Allergan anticipates that discovery will include but not be limited to: (1) the compositions of and methods used to manufacture the Accused Products; (2) the inventions of the '475 and '795 patents; (3) damages; (4) the relationship between Defendants and/or any third parties with respect to the Accused Products; (5) Defendants' bases for any of their affirmative defenses; and (6) Defendants' bases for their demands for relief.

**Defendants**: Medicis and Valeant intend to pursue discovery relating to the factual and legal issues set forth herein above and in Plaintiffs' Complaint, Plaintiffs' Amended Complaint, and Medicis' and Valeant's Answers to both the initial and Amended Complaints. Medicis and Valeant anticipate that this discovery will include but not be limited to (1) Plaintiffs' allegation of infringement of the claims of the '475 and '795 patents; (2) Defendant's allegation of noninfringement and invalidity; (3) the subject matter described and claimed in the '475 and '395 patents , (4) products related thereto, including R&D, testing and analysis thereof; (5) the compositions of and methods used to manufacture the Accused Products; (6) Plaintiffs' bases for their demands for relief; (7) damages.

2. Discovery Modifications and Limits

The Parties do not believe bifurcation or severance of any issues is necessary or appropriate.

The Parties agree that the deadline of 28 days after service of the latest set of rebuttal reports as set forth in S.P.R. 4.3 shall be the close of discovery.

**D. Electronic Discovery — Rule 26(f)(3)(C)**

The Parties have conferred regarding the disclosure of ESI, including the Court's Standing E-Discovery Order. The Parties do not propose any modifications to the Standing E-Discovery Order. The Parties have not yet met to identify email custodians, search terms or time frames.

**E. Issues Relating to Privilege and Work Product — Rule 26(f)(3)(D)**

1. Privilege Logs

The Parties agree that no Party shall be required to identify on its respective privilege log any document or communication prepared in anticipation of litigation dated on or after the filing of the Complaint. The Parties shall exchange privilege logs at a time to be agreed upon by the Parties following the production of documents, or as otherwise ordered by the Court.

**F. Changes to Limitations on Discovery — Rule 26(f)(3)(E)**

The Parties seek to modify the discovery rules under the Federal Rules of Civil Procedure as set forth below. The limits listed apply to both Plaintiffs (collectively) and Defendants (collectively):

1. Interrogatories – The Parties propose that number of Interrogatories that may be served under Fed. R. Civ. P. 33 is set at twenty-five (25).

2. Requests for Admission – The Parties propose that the number of Requests for Admission as provided in Fed. R. Civ. P. 36 is set at twenty-five (25).

3. Depositions of Parties and Third Parties – The Parties propose that the number of depositions be limited to a maximum of 90 hours. Aside from those depositions requiring the use of translators, no deposition shall exceed 7 hours unless by prior agreement of the Parties.

The Parties seek to modify the discovery rules under the Court's Standing Patent Rules as set forth below:

4. Final Infringement Contentions – The Parties request that for purposes of S.P.R. 4.1, the term "prior contentions" refers to the last-served Infringement Contentions, and only refers to the Infringement Contentions initially served pursuant to S.P.R. 2.1 if those contentions were not supplemented, amended or otherwise modified during discovery. The Parties agree to provide a redline against its latest-in-time prior contentions for each supplement, amendment, or modification made during discovery.

5. Final Invalidity Contentions – The Parties request that for purposes of S.P.R. 4.2, the term "prior contentions" refers to the last-served Invalidity Contentions, and only refers to the Invalidity Contentions initially served pursuant to S.P.R. 2.5 if those contentions were not supplemented, amended or otherwise modified during discovery. The Parties agree to provide a redline against its latest-in-time prior contentions for each supplement, amendment, or modification made during discovery.

**G. Other Orders — Rule 26(f)(3)(F)**

1. Protective Order

The Parties believe that a Protective Order is needed and are working on a protective order based on the Court's Standing Protective Order.

2. Amendments to Pleadings

The Parties do not currently anticipate the further amendment of any pleadings, but may seek leave to amend pleadings at a later time to add claims or defenses currently unknown that become known through discovery. The Parties

propose that the deadline to join other parties or amend the pleadings without showing good cause shall be on or before May 9, 2014.

3. Obtaining Evidence Under the Hague Convention

Plaintiff Allergan Industrie, SAS is a company organized under the laws of France, and is thus subject to France's blocking statute No. 80-538. Counsel for Allergan and counsel for Medicis and Valeant have conferred about this issue. In the interests of cooperation, Plaintiffs and Defendants are working on a joint/unopposed motion requesting that the Court appoint a commissioner to collect evidence from Allergan Industrie, SAS, consistent with the Hague Convention. Notwithstanding the appointment of a commissioner, it will be counsel for the Parties who will conduct all depositions in this matter.

Medicis and Valeant believe that Allergan, having availed themselves of the American legal system by choosing to file its complaint in Federal District Court, cannot utilize France's blocking statute or the Hague Convention as a shield, allowing Allergan to fail to comply with its discovery obligations under U.S. law and the Federal Rules of Civil Procedure. Neither the blocking statute or the Hague Convention control or limit the discovery Medicis and Valeant are entitled to.

Plaintiffs have represented that this procedure will allow Defendants to obtain all of the discovery they are entitled to under U.S. law and the Federal Rules of Civil Procedure. Medicis and Valeant contend that Allergan must comply with all of its discovery obligations regardless of the use of commissioner process.

Plaintiffs have agreed to produce the inventor of the patents-in-suit in the U.S. for deposition. The Parties will confer on the location of depositions for witnesses based outside the United States.

    **H. Agreement on Electronic Service — Rule 5(b)(2)(E)**

The Parties have agreed to email service of all non-filed documents pursuant to Fed. R. Civ. P. 5(b)(2)(E).

## II. REQUIREMENTS UNDER LOCAL RULE 26-1

**A. Complexity of the Case — L.R 26-1(a)**

The Parties do not believe the Manual for Complex Litigation should be utilized in this case.

**B. Motion Schedule — L.R 26-1(b)**

The Parties may file motions for summary judgment on one or more dispositive or partially-dispositive issues. The Parties agree that the deadline for filing dispositive motions is 28 days after the close of discovery, as set forth in S.P.R. 4.5.

**C. ADR**

Both parties prefer the use of private mediation.

**D. Trial — L.R 26-1(d)**

The Parties anticipate that the trial in this matter will take 5-7 days and will be a jury trial. The Parties propose that trial begin on July 27, 2015.

**E. Additional Parties — L.R 26-1(e)**

The parties do not foresee the appearance of additional parties in this matter.

**F. Expert Witnesses/Disclosures — L.R 26-1(f)**

The Parties agree that expert witness disclosures shall conform to the schedule set forth in Section 4 of the Court's Standing Patent Rules (Sept. 2013).

## III. PROPOSED CASE SCHEDULE

The Parties propose the case schedule set forth in the table below, as provided by the Court's Standing Patent Rules, with slight modification to take into account the filing of Plaintiffs' First Amended Complaint. The Parties note that the presence of foreign parties frequently results in the need for additional time

to conduct discovery. Should such additional time be needed to complete fact discovery, the Parties will approach the Court to modify the schedule consistent with S.P.R. 1.4.

| EVENT | DEADLINE UNDER STANDING PATENT RULES | THE PARTIES' PROPOSAL |
|---|---|---|
| Supplemental Infringement Contentions and accompanying document production | N/A | 14 days after Order approving Stipulation to Amend Complaint |
| Invalidity Contentions and accompanying document production | Jan. 27, 2014 [S.P.R. 2.5] | February 28, 2014 |
| Exchange of Proposed Terms for Construction | Feb. 10, 2014 [S.P.R. 3.1] | March 14, 2014 |
| Exchange of Claim Constructions and Extrinsic Evidence | Feb. 24, 2014 [S.P.R. 3.2] | March 28, 2014 |
| Completion of Claim Construction Discovery | Mar. 24, 2014 [S.P.R. 3.3] | April 25, 2014 |
| Joint Claim Construction and Prehearing Statement | Mar. 31, 2014 [S.P.R. 3.4] | May 2, 2014 |
| Simultaneous Opening Claim Construction Briefs | Apr. 7, 2014 [S.P.R. 3.5] | May 9, 2014 |
| Simultaneous Responsive Claim Construction Briefs and Materials to be Used at Claim Construction Hearing | Apr. 21, 2014 [S.P.R. 3.5] | May 23, 2014 |
| Filing of Claim Charts and File Histories | Apr. 21, 2014 [S.P.R. 3.5.1-.3] | May 23, 2014 |
| Claim Construction Hearing | To be determined at the convenience of the Court [S.P.R. 3.6] | To be determined at the convenience of the Court [S.P.R. 3.6] |
| Advice of Counsel Disclosures | Deadline as set forth in S.P.R. 4.4 | Deadline as set forth in S.P.R. 4.4 |
| Final Infringement Contentions and Expert Reports on which Patentee | Deadline as set forth in S.P.R. 4.1 | Deadline as set forth in S.P.R. 4.1 |

| EVENT | DEADLINE UNDER STANDING PATENT RULES | THE PARTIES' PROPOSAL |
|---|---|---|
| Bears the Burden of Proof | | |
| Final Invalidity Contentions and Expert Reports on which party opposing infringement bears the burden of proof | Deadline as set forth in S.P.R. 4.2 | Deadline as set forth in S.P.R. 4.2 |
| Experts Reports In Rebuttal to S.P.R. 4.1 Reports | Deadline as set forth in S.P.R. 4.3 | Deadline as set forth in S.P.R. 4.3 |
| Expert Reports In Rebuttal to S.P.R. 4.2 Reports | Deadline as set forth in S.P.R. 4.3 | Deadline as set forth in S.P.R. 4.3 |
| Completion of discovery | Deadline as set forth in S.P.R. 4.3 | Deadline as set forth in S.P.R. 4.3 |
| Deadline for filing dispositive motions | Deadline as set forth in S.P.R. 4.5 | Deadline as set forth in S.P.R. 4.5 |

Dated:  December 31, 2013

Respectfully submitted,

By: */s/ Craig E. Countryman*
      Craig E. Countryman

Attorneys for Plaintiffs
ALLERGAN USA, INC. and
ALLERGAN INDUSTRIE. SAS

Dated: December 31, 2013

Respectfully submitted,

By: */s/ William F. Cavanaugh*
William F. Cavanaugh

Attorneys for Defendants
MEDICIS AESTHETICS, INC., MEDICIS PHARMACEUTICAL CORP., VALEANT PHARMACEUTICALS NORTH AMERICA LLC, VALEANT PHARMACEUTICALS INTERNATIONAL, and VALEANT PHARMACEUTICALS INTERNATIONAL, INC.