Juanita R. Brooks (CA Bar No. 75934) (brooks@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Craig E. Countryman (CA Bar No. 244601) (countryman@fr.com)
FISH & RICHARDSON P.C.
555 W. 5th Street, 31st Floor
Los Angeles, California 90013
Telephone:  (213) 533-4240 / Fax:  (213) 996-8304

Jonathan E. Singer (CA Bar No. 187908) (singer@fr.com)
Michael J. Kane (kane@fr.com)
FISH & RICHARDSON P.C.
60 South Sixth Street, Suite 3200
Minneapolis, MN 55402
Telephone:  (612) 335-5070 / Fax:  (612) 288-9696

Susan M. Coletti (coletti@fr.com)
Elizabeth M. Flanagan (eflanagan@fr.com)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
Telephone:  (302) 652-5070 / Fax:  (302) 652-0607

Attorneys for Plaintiffs
ALLERGAN USA, INC. and ALLERGAN INDUSTRIE, SAS

Donald G. Norris (SBN 90000)
Douglas F. Galanter (SBN 93740)
Norris & Galanter LLP
523 W. Sixth St., Suite 716
Los Angeles, CA 90014
Tel:    213-232-0855/ Fax:  213-286-9499
dnorris@norgallaw.com
dgalanter@norgallaw.com

William F. Cavanaugh (SBN 133461)
Edward R. Tempesta (*pro hac vice* application forthcoming)
William F. Schmedlin (*pro hac vice* application forthcoming)
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 336-2000/ Fax:  (212) 336-2222
wcavanaugh@pbwt.com
ertempesta@pbwt.com
wschmedlin@pbwt.com

Attorneys for Defendants
MEDICIS AESTHETICS, INC., MEDICIS PHARMACEUTICAL CORP.,
VALEANT PHARMACEUTICALS NORTH AMERICA LLC,
VALEANT PHARMACEUTICALS INTERNATIONAL,
and VALEANT PHARMACEUTICALS INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLERGAN USA, INC. and ALLERGAN INDUSTRIE, SAS, | Case No. 8:13-cv-01436 AG (JPRx) |
| Plaintiffs, | **[PROPOSED] PROTECTIVE ORDER** |
| v. | |
| MEDICIS AESTHETICS, INC., MEDICIS PHARMACEUTICAL CORP., VALEANT PHARMACEUTICALS NORTH AMERICA LLC, VALEANT PHARMACEUTICALS INTERNATIONAL and VALEANT PHARMACEUTICALS INTERNATIONAL, INC. | |
| Defendants. | |

## 1.    PURPOSE AND LIMITS OF THIS ORDER

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

## 2.    DEFINITIONS

**2.1** "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things of the Producing Party that is not publicly known and which the Producing Party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in

confidence, including without limitation information that the Producing Party

claims in good faith to constitute or relate to (i) trade secrets under applicable law;

(ii) highly confidential and/or proprietary information, such as without limitation,

any Premarket Approval Application ("PMA"), research and development

information (including, for example, laboratory notebooks, research plans, market

and demographic research, and product and advertising development),

commercially sensitive competitive information (including, for example, business

plans, business strategies, negotiations, and license agreements), financial

information (including, for example, budgeting, accounting, sales figures,

forecasts, and advertising expenditures), business relationship information

(including, for example, information pertaining to potential and/or existing

customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents),

personnel information (including, for example, compensation, evaluations and

other employment information), non-public patent prosecution information

(including, for example, present or future patent applications that are not publicly

accessible), and non-public regulatory filings; and (iii) information that is subject

to regulation by state, federal or foreign privacy laws such as, without limitation,

the Health Insurance Portability and Accountability Act.

**2.2** <u>Designating Party</u>:  A party or non-party that designates information or

items that it produces in disclosures or in response to discovery as

"CONFIDENTIAL."

**2.3**  <u>Disclosure or Discovery Material</u>:  all items or information, regardless of

the medium or manner in which it is generated, stored or maintained (including,

among other things, documents, testimony, transcripts, and tangible things), that

are produced, served, or generated during discovery in this action, including, for

example, answers to interrogatories, responses to requests for admissions,

responses to requests for production, subpoenas, declarations, affidavits, and

deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations and portions thereof.

**2.4** <u>Producing Party</u>:  A party or non-party that produces Disclosure or Discovery Material in this action.

**2.5** <u>Receiving Party</u>:  A party or non-party that receives Disclosure or Discovery Material in this action.

**2.6** <u>Scope</u>:  The scope of this Order shall be understood to encompass not only Disclosure or Discovery Material that is expressly designated as CONFIDENTIAL, but also any information derived therefrom, including all copies, excerpts and summaries thereof, whether partial or complete, as well as testimony and oral conversations which reveal all or part of that information.

## 3.  DESIGNATING PROTECTED MATERIAL

**3.1 Over-Designation Prohibited.** Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" must do so in good faith.

**3.2 Manner and Timing of Designations**.

**3.2.1 Documents.**  In the case of documents or any other tangible things produced, designation under this Order requires the Producing Party to affix the legend "CONFIDENTIAL" to each page of the document or on the cover or in a prominent place on any other tangible thing that contains protected material, or, in the case of natively-produced files, in the file name, before production of the document or tangible thing.

**3.2.2 Inspections.** A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced.  During the inspection and before the designation, all material shall be treated as CONFIDENTIAL.  After the inspecting party has identified the

documents it wants copied and produced, the Producing Party must designate the documents, or portions thereof, that qualify for protection under this Order.

**3.2.3 Testimony.**  For testimony given in deposition or other proceeding, the Producing Party shall specify all protected testimony and the level of protection being asserted.  It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.  Designated testimony shall be bound in a separate volume and marked CONFIDENTIAL by the reporter.  The Producing Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated CONFIDENTIAL unless otherwise agreed. After the expiration of the 21 day period, the transcript shall be treated only as actually designated.

Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used.  The use of a document as an exhibit at a deposition shall not in any way affect its designation.

**3.2.4 Inadvertent Failures to Designate.** An inadvertent failure to designate does not, standing alone, waive protection under this Order.  Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

**4.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

[PROPOSED] PROTECTIVE ORDER
Case No. 3:13-cv-04057-JSW

**5.    ACCESS TO DESIGNATED MATERIAL**

**5.1 Basic Principles**. A Receiving Party may use designated material only for this litigation. Designated material and the information derived from such material shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

**5.2 Access to CONFIDENTIAL Material Without Further Approva**l. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any material designated CONFIDENTIAL only to:

**5.2.1** The Receiving Party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**5.2.2** The Court and its personnel;

**5.2.3** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, including, but not limited to, graphics or design services, translation or interpretation services, and third-party contractors and their employees involved in document management or copying services for this action;

**5.2.4**  Approved consultants or experts, excluding employees, officers or directors of a named party or owners of more than a two-percent interest in a named party, retained by any of the parties or their counsel to consult or testify in the litigation;

**5.2.5** During their depositions, witnesses in the action who are directors, officers, employees or corporate designees of the Producing Party under Fed. R. Civ. P. 30(b)(6); and

**5.2.6** During their depositions, witnesses in this action (including, but not limited to, individuals who were formerly director, officers, employees, or experts of the Producing Party, but only if the CONFIDENTIAL information was in existence during the period of his or her service or employment and it is established that the witness was involved in the project to which the CONFIDENTIAL information relates so that it is reasonable the witness had access to it during the course of his or her service or employment) and their counsel, provided that the information was authored, created by, addressed to, received by, signed by, or is otherwise established to have been known to the witness.

**5.3 Procedures for Approving or Objecting to Disclosure of Material to In-House Counsel or Expert**s. Unless agreed to in writing by the Producing Party:

**5.3.1** A party seeking to disclose to in-house counsel any material designated CONFIDENTIAL must first make a written request to the Producing Party providing the full name of the in-house counsel, the city and state of such counsel's residence, such counsel's current and reasonably foreseeable future primary job duties and responsibilities, and an executed Agreement to be Bound (Exhibit A). For each party in this litigation, up to three in-house counsel may be designated to receive CONFIDENTIAL information under this Order, subject to Section 6.

For Allergan: William N. Scarff, Jr.; Debra D. Condino; Donald P. Bunnin

For Valeant/Medicis: Denis Polyn; Toan Vo

[PROPOSED] PROTECTIVE ORDER
Case No. 3:13-cv-04057-JSW

**5.3.2** A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated CONFIDENTIAL must first make a written request to the Producing Party that (1) sets forth the full name of the expert and the city and state of his or her primary residence, (2) attaches a copy of the expert's current resume, (3) identifies the expert's current employer(s), (4) identifies consulting activities and job history for the past three years, and (5) includes an executed Agreement to Be Bound (Exhibit A).  If the expert believes any of this information at (4) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the Producing Party regarding any such confidentiality obligations.

**5.3.3** A party that makes a request and provides the information specified in paragraphs 5.3.1 or 5.3.2 may disclose the designated material to the identified in-house counsel or expert unless, within five business days of delivering the request, the party receives a written objection from the Producing Party providing detailed grounds for the objection.

**5.3.4** All challenges to objections from the Producing Party shall proceed under L.R. 37-1 through L.R. 37-4.  In the event a motion is filed, disclosure of designated material shall not be made to the proposed in-house counsel or expert until such time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

[PROPOSED] PROTECTIVE ORDER
Case No. 3:13-cv-04057-JSW

## 6.    IN-HOUSE COUNSEL PROSECUTION AND COMPETITION BAR

Absent written consent from the Producing Party, any in-house counsel who receives access to CONFIDENTIAL information shall not have direct responsibility for the prosecution of patents or patent applications concerning hyaluronic acid compositions containing lidocaine, and their methods of manufacture or direct responsibility for (a) research and development; (b) marketing; or (c) financial activity relating to hyaluronic acid dermal fillers containing lidocaine, for the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for one year after its conclusion, including any appeals.  "Prosecution" means drafting, amending, advising on the content of, or otherwise affecting the scope or content of patent claims or specifications. These prohibitions shall not preclude counsel from participating in reexamination or inter partes review proceedings to challenge or defend the validity of any patent, but counsel may not participate in the drafting of amended claims in any such proceedings.

## 7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**7.1 Subpoenas and Court Orders.** This Order in no way excuses non-compliance with a lawful subpoena or court order.  The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the Producing Party an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**7.2 Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, that party must:

**7.2.1** Promptly notify the Producing Party in writing. Such notification shall include a copy of the subpoena or court order;

**7.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

**7.2.3** Cooperate with all reasonable procedures sought by the Producing Party whose material may be affected.

**7.3 Wait For Resolution of Protective Order**. If the Producing Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court where the subpoena or order issued, unless the party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection of its confidential material in that court.

**8.    UNINTENTIONAL FAILURE TO DESIGNATE**

If, through inadvertence, a Producing Party provides any designated material pursuant to this litigation without designating and marking the designated material as CONFIDENTIAL, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed designated material, and the Receiving Party shall treat the disclosed designated material as CONFIDENTIAL upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this designated material.  Disclosure of such designated material to persons not authorized to receive that material before receipt of the confidentiality designation shall not be deemed a violation of this Order. However, the Receiving Party agrees to undertake its best efforts to retrieve all copies of the designated material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such designated material and agrees to advise the persons to whom disclosure was made that the material is

[PROPOSED] PROTECTIVE ORDER
Case No. 3:13-cv-04057-JSW

confidential and should be treated as provided in this Order.  No demonstration or proof of error, inadvertence, or excusable neglect by the Producing Party shall be required for such redesignation.

## 9.   UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the Producing Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

## 10.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of a Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

## 11.   FILING UNDER SEAL

Without written permission from the Producing Party or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a Court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead,

parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the Producing Party will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a Receiving Party's request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the Receiving Party may file the material in the public record unless (1) the Producing Party seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

## 12.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, each party shall return all designated material to the Producing Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. A Receiving Party must submit a written certification to the Producing Party by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

## 13.    NO LIMITATION OF OTHER RIGHTS

This Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

[PROPOSED] PROTECTIVE ORDER
Case No. 3:13-cv-04057-JSW

**14.     RELEASE FROM OR MODIFICATION OF THIS ORDER**

This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order.

**15.     COUNSEL'S RIGHT TO PROVIDE ADVICE**

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of designated material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any designated material, nor the source of any designated material, to anyone not authorized to receive such designated material pursuant to the terms of this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  March 21, 2014

By: */s/ Craig E. Countryman*
<u> </u>
Craig E. Countryman

Attorney for Plaintiffs

Dated:  March 21, 2014

By: */s/ William F. Cavanaugh*
<u> </u>
William F. Cavanaugh

Attorney for Defendants

[PROPOSED] PROTECTIVE ORDER
Case No. 3:13-cv-04057-JSW

## <u>SIGNATURE ATTESTATION</u>

Pursuant to Civil Local Rule 5-4.3.4(a)(2), I attest that counsel for Defendants has authorized the filing of this document.

/s/ Craig E. Countryman

Craig E. Countryman

[PROPOSED] PROTECTIVE ORDER
Case No. 3:13-cv-04057-JSW

# EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or

type full address], declare under penalty of perjury that I have read in its entirety

and understand the Protective Order that was issued by the United States District

Court for the Central District of California on _____ [date] in the case of

Allergan USA, Inc. et al. v. Medicis Aesthetics, Inc, Case No. 8:13-cv-01436 AG

(JPRx).  I agree to comply with and to be bound by all the terms of this Protective

Order, and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment for contempt.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Protective

Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing this Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

             [printed name]

Signature: _____

             [signature]