# 6,521,223 B1 Patent, Calias
## Art Describes Crosslinks as Covalent Bonds

> U.S. Pat. No. 5,676,964 describes the preparation of cross-linked polysaccharides, including HA, wherein the **cross-linking reaction occurs as a result of covalent bonds** formed between carboxyl groups and hydroxyl groups of adjacent polysaccharide molecules.

*Source: '223, 2:26-30*

31

## Second Disputed Term: "Crosslinked"

- Covalently modified
- **Water-insoluble**
- Degree of crosslinking

32

# 8,124,120 Patent, Sadozai
## Crosslinked HA is Water Insoluble



33

# 6,521,223 Patent, Calias
## Crosslinked HA is Water Insoluble

> The present invention provides a method for preparing a water insoluble biocompatible composition comprising reacting a polyanionic polysaccharide with divinyl sulfone in an aqueous solution to form a gel, neutralizing the pH of the solution, and precipitating a solid from the solution. The polyanionic polysaccharide used may be selected from the group consisting of hyaluronic acid, sodium hyaluronate, potassium hyaluronate, magnesium hyaluronate, calcium hyaluronate, carboxymethylcellulose, carboxymethyl amylose and a mixture of hyaluronic acid and carboxymethylcellulose. In one embodiment of the invention, the solid precipitated from the solution is then rehydrated to form a gel. The invention further provides that the rehydrated gel may then be subjected to heat treatment. In one embodiment, the rehydrated gel is heated to a temperature in the range from about 100° C. to about 150° C.

*Source: '223 patent, 4:45-60*

34

## WO 96/33751, Debacker
### Crosslinked HA is Water Insoluble

WO 96/33751 - 3 - PCT/FR96/00636

a low degree of crosslinking) dispersed in a liquid phase (that has not undergone crosslinking); said two phases advantageously having been prepared from fibers of Hylan (natural hyaluronic acid modified chemically in situ for the purpose of facilitating its extraction from tissues). It is recommended to use said compositions in many contexts in the medical field.

According to [...] above, two-pha[...] hyaluronic aci[...] and that have [...] consist of an [...] phase consists [...] said highly c[...] phase consists [...] and/or of anot[...] proteins, pol[...] slightly cross[...]

The term hyal[...] generic name t[...] its salts and [...] phase composi[...] contain as po[...] its salts, at [...] hyaluronate. I[...] hyaluronate us[...]

The two-phase [...] injectable com[...] this purpose. [...] continuous ph[...] vehicle for the fragments of the dispersed phase.

**Said compositions consist of an injectable suspension whose dispersed phase consists of insoluble fragments of a hydrogel of said highly crosslinked polymer** and whose continuous phase consists of an aqueous solution of said polymer and/or of another biocompatible polymer, selected from proteins, polysaccharides and derivatives thereof, slightly crosslinked or not crosslinked.

Exhibit 5
Page 45

VAL0060008

*Source: WO1996033751 A1, 3:14-21 (Translated from French)*

35

## WO 96/33751, Debacker
### Crosslinked HA is Water Insoluble



*Source: WO1996033751 A1, 8:1-9 (Translated from French)*

36

## 2006/0194758, Lebreton
Crosslinked HA is Water Insoluble

> [0011] the biphase compositions described in patent application WO-A-96 337 51 also have two bioabsorbable phases with a better separation, the disperse phase consisting of insoluble fragments of a highly crosslinked polymer hydrogel (selected from hyaluronic acid and its salts);

*Source: 2006/0194758, [0011]*

37

## Second Disputed Term: "Crosslinked"

- Covalently modified
- Water-insoluble
- **Degree of crosslinking**

38

# Law on Use of Specification in Claim Construction

"[C]laims "must be read in view of the specification, of which they are a part.'"

*Phillips, 415 F.3d at 1315 (quoting Markman v. Westview Instruments, Inc., 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc))*

"[T]he specification 'is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term.'"

*Phillips, 415 F.3d at 1315 (quoting Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed. Cir. 1996))*

"The context in which a term is used in the asserted claim can be highly instructive," and "[often] provides a firm basis for construing the term."

*Phillips, 415 F.3d at 1314.*

39