# Law of Disclaimer

Statements during prosecution of an application "'limit[] the interpretation of claim terms so as to exclude any interpretation that was disclaimed during prosecution.'"

*Springs Windows Fashions v. Novo Indus., Inc., 323 F.3d 989, 994 (Fed. Cir. 2003) (citation omitted)*

"The doctrine of prosecution disclaimer is well established in Supreme Court precedent, precluding patentees from recapturing through claim interpretation specific meanings disclaimed during prosecution."

*Omega Eng'g, Inc. v. Raytek Corp., 334 F.3d 1314, 1323-24 (Fed. Cir. 2003)*

"The purpose of consulting the prosecution history is to exclude any interpretation that was disclaimed during prosecution.'"

*Chimie v. PPG Industries Inc., 402 F.3d 1371, 1384 (Fed. Cir. 2005)*

45

# May 31, 2011 USPTO Office Action

Application/Control Number: 12/393,768 Page 11
Art Unit: 1617

with BDDE. With regard to the amount of uncrosslinked HA being present is greater than 20%, the preferred embodiment shows 6.5% crosslinking and therefore the remaineder (93.5%) would be uncrosslinked. **With regard to the degree of crosslinking being about 2%, it would have been obvious to adjust the crosslinking through routine optimization since the instant amount is within the range taught in the prior art.** With regard to the concentration of lidocaine present in the hydrogel it would have been obvious to one of ordinary skill in the art at the time of the instant invention to arrive at the instant concentration through routine optimization.

Claims 1-36 are reje[cted]

Any inquiry concernin[g]
examiner should be directe[d]
9925. The examiner can no[t]
If attempts to reach t[he]
supervisor, Fereydoun G. S[...]
number for the organization where this application or proceeding is assigned is 571-273-8300.

*Source: Ex. 15 to Defendants' Answering Claim Construction Brief – '475 Patent, May 31, 2011 USPTO Office Action, p. 11*

46

# 2006/0194758 A1, Lebreton

*Source: 2006/0194758, [0086]-[0091]*

# November 9, 2011 Response to Office Action

> 18498 (CDR)
>
> the manner claimed;² and, that 3) the result is predictable.³ In making this determination, the Patent Office must examine the prior art, design demands, marketplace demands, and the background knowledge of a person of ordinary skill in the art.⁴ These factors must be considered as a whole, [including those] which teach away from the claimed invention. [The Patent Office] must also consider objective indicia of [non-obviousness such as] copying, commercial success, failure of [others, and] general skepticism of those in the art, and [others].
>
> **The combination of references does not teach [or suggest a crosslinked HA containing greater] than about 10% uncrosslinked HA.**
>
> There is nothing in the combination of references that teaches or suggest a crosslinked HA containing an anesthetic and greater than about 10% uncrosslinked HA. **The Office action alleges that "the preferred embodiment shows 6.5% crosslinking and therefore the remainder (93.5%) would be uncrosslinked."⁷** Applicants respectfully point out that this is incorrect because each hyaluronic acid molecule in Lebreton has at least about 3,855⁸ possible crosslinking sites. Since each hyaluronic acid molecule has so many possible crosslinking sites, even at 6.5% crosslinking each hyaluronic acid will be crosslinked at about 250 of those sites. **The likelihood that any hyaluronic acid would depart so far from the statistical mean of 250 so as to be uncrosslinked is infinitesimally small.** Thus, absent evidence to the contrary, there is no reason to believe that Lebreton's compositions would have any uncrosslinked HA. Furthermore, there

---

² KSR, 127 S. Ct. at 1740-1741.
³ Id.
⁴ Id.
⁵ W.L. Gore & Associates, Inc. v. Garlock, Inc., 721 [F.2d 1540 (Fed. Cir. 1983)]; MPEP 2140.02(VI).
⁶ Id. at 1734; Graham v. John Deer Co. of Kansas City, [383 U.S. 1 (1966)].
⁷ Office Action, p. 8, lines 5-6.
⁸ The low molecular weight HA of Lebreton has a molecular weight of about 1,550,000 daltons. Each repeat unit of HA contains 5 crosslinkable groups and has a molecular weight of about 402 daltons. Thus, each HA molecule has about 3855 crosslinkable groups [(1,550,000/402) x 5 = 3855].

11

Exhibit 7
Page 81

*Source: Ex. 7 to Defendants' Opening Claim Construction Brief – '475 Patent, Nov. 9, 2011 Response to Office Action, p. 11*

48

# Crosslinking Sites

# Crosslinking Sites

50

# Crosslinking Sites



51

# Crosslinking Sites



52

## January 30, 2012 USPTO Office Action

Application/Control Number: 12/393,768  Page 5
Art Unit: 1617

The factual inquiries set forth in *Graham* v. *John Deere Co.*, 383 U.S. 1, 148 USPQ 459 (1966), that are applied for establishing a background for determining obviousness under 35 U.S.C. 103(a) are summarized as follows:

1. Determining the scope and contents of the prior art.
2. Ascertaining the differences between the prior art and the claims at issue.
3. Resolving the level of ordinary skill in the pertinent art.
4. Considering objective evidence present in the application indicating obviousness or nonobviousness.

The rejection of claims 1-12, 14-22, 24, and 26-36 under 35 U.S.C. 103(a) as being unpatentable over Lebreton (US Patent Application 2006/0194758 A1, Published 08/31/2006) in view of Wang (US Patent Application 2005/0271729 A1, Published 12/08/2005) **is withdrawn in view of Applicant's arguments and amendments to the claims.**

The rejection of c[laims...] being unpatentable over Lebreton (US Patent Ap[plication...]) Lupo (Hyaluronic Acid F[...]) withdrawn in view of App[licant's...]

This is a new ground of rejection.

Claims 1, 3-12, 14-22, 24-26, and 28-41 are rejected under 35 U.S.C. 103(a) as being unpatentable over Lebreton (US Patent Application 2006/0194758 A1, Published

Exhibit 8
Page 88

*Source: Ex. 8 to Defendants' Opening Claim Construction Brief – '475 Patent, Jan. 30, 2012 USPTO Office Action, p. 5*

53

# 7,902,171 B2 Patent, Reinmuller

> From the use of crosslinked hyaluronic acid for the lining of skin wrinkles and similar defects, the side effects known are inflammatory reactions which appear in the form of redness, swelling, burning, itching and with the formation of small intradermal nodules. ==These side effects can be suppressed according to the invention by admixing non-crosslinked hyaluronic acid to the preparations of exclusively crosslinked hyaluronic acid.== Admixtures of low molecular

*Source: '171 patent, 5:6-13*

54

# January 30, 2012 USPTO Office Action

> Application/Control Number: 12/393,768    Page 7
> Art Unit: 1617
>
> directed to the composition comprising 90% low molecular weight HA component and 10% high molecular weight HA component.
>
> Lebreton teaches a method of forming monophase hydrogel by adding a mixture of sodium hyaluronate (NaHA) fibers to 7.5g of 02.5N NaOH (giving a solution of pH 10 or greater) to hydrate; to this hydrate gel BDDE is added and homogenized; the cross-linked product is neutralized to pH 7.2 with phosphate buffer; the resulting hydrogel is homogenized before bottling (paragraphs 0074, 0076...)
>
> Reinmuller et al. teach cross-linked hyaluronic acid for treating wrinkles and soft tissue defects can have the side effect of inflammatory reactions which can be suppressed by ==admixing uncross-linked hyaluronic acid to the preparations of exclusively cross-linked hyaluronic acid== (column 5, lines 1-26). The preferably amount of hyaluronic acid for treatment of the suppression of inflammatory reaction is 0.01 to 20% (column 2, lines 41-46). ==A local anesthetic can be added to the composition to minimize the painfulness of the injection== (column 3, lines 28-30). The local anesthetic that can be used in accordance with the invention is lidocaine (column 2, lines 54-63).
>
> Exhibit 8
> Page 90

*Source: Ex. 8 to Defendants' Opening Claim Construction Brief – '475 Patent, Jan. 30, 2012 USPTO Office Action, p. 7*

55

# January 30, 2012 USPTO Office Action

> Application/Control Number: 12/393,768    Page 8
> Art Unit: 1617
>
> of hyaluronic acid for treatment of the suppression of inflammatory reaction is 0.01 to 20% (column 2, lines 41-46). A local anesthetic can be added to the composition to minimize the painfulness of the injection ...
>
> It would have been prima facie obvious to one of ordinary skill in the art the time of the instant invention to combine the teachings of Lebreton and Reinmuller et al. and have a reasonable expectation of success. ==One would have been motivated to add uncross-linked hyaluronic acid and lidocaine to monophase hyaluronic acid of Leberton in order to treat inflammation associated with administration of the soft tissue filler and also to treat any pain associated with the injection of the gel into the soft tissue.== With regard to the concentration of lidocaine present in the hydrogel it would have been obvious to one of ordinary skill in the art at the time of the instant invention to arrive at the instant concentration through routine optimization.
>
> Any inquiry concerning this ... examiner should be directed to ALI ... 9925. The examiner can normally b...
>
> If attempts to reach the exam... supervisor, Fereydoun G. Sajjadi ca... number for the organization where t... 273-8300.
>
> Exhibit 8
> Page 91

*Source: Ex. 8 to Defendants' Opening Claim Construction Brief – '475 Patent, Jan. 30, 2012 USPTO Office Action, p. 8*

56

# July 30, 2012 Response to Office Action

18498 (COR)

The combination of references does not teach or suggest greater than about 10% uncrosslinked HA.

Claims 1 and 3-12 are not *prima facie* obvious at least because the cited references do not teach or suggest the claim element "the HA component comprises greater than about 10% uncrosslinked HA by volume." Both Lebreton and Reinmueller are silent with respect to the amount of uncrosslinked HA present in the compositions.

The Examiner states that in Reinmueller, "the preferable amount of hyaluronic acid for treatment of the suppression of inflammatory reaction is 0.01 to 20% (column 2, lines 41-46)". Applicant submits that this specific disclosure in Reinmuller relates to the total amount of hyaluronic acid in Reinmueller's preparations, and not to any percentage amount of uncrosslinked hyaluronic acid in a preparations comprising admixed crosslinked and uncrosslinked hyaluronic acid.

Exhibit 9
Page 104

*Source: Ex. 9 to Defendants' Opening Claim Construction Brief – '475 Patent, Jul. 30, 2012 Response to Office Action, p. 11*

57

# July 30, 2012 Response to Office Action

18498 (COR)

Thus, the references cited by the Examiner do not disclose, teach or suggest the claimed limitation of "uncrosslinked HA in an amount of at least 10% by volume". Furthermore, a person of ordinary skill in the injectable polymer art would have recognized that adding uncrosslinked HA to a crosslinked HA composition would affect the viscoelastic properties of the composition. It is known that many variables affect viscosity of hyaluronic acid gels, including whether the hyaluronic acid is crosslinked or uncrosslinked. Further, a person of ordinary skill in the art would have recognized that the viscoelastic properties of a hyaluronic acid composition are important to help a filler to provide a realistic or desirable appearance, feel, and longevity. Thus, if a person of ordinary skill were to [add uncrosslinked HA] to a crosslinked HA composition, only a sma[ll amount of] uncrosslinked HA, and certainly less than 10[%, would be] added in order to avoid significantly affec[ting the viscoelastic] properties of the composition. Applica[nt submits that the cited] references, being silent as to an amount [of uncrosslinked HA] present, do not even suggest compositions ha[ving at least 10%] uncrosslinked HA, as which would be exp[ected to alter the] viscoelastic properties significantly. [For at least these] reasons, claims 1 and 3-12 are not prima faci[e obvious.]

Claims 14-22 are not prima facie obvious [because the] cited references do not teach or sugges[t the limitation of] "uncrosslinked HA at a concentration of at l[east about 10% by] weight of the HA composition."

Claim 24 is not prima facie obvious [because the] cited references do not teach or sugges[t the limitation of] "uncrosslinked HA in an amount at least about [10% by weight of the] HA component."

12

Exhibit 9
Page 105

*Source: Ex. 9 to Defendants' Opening Claim Construction Brief – '475 Patent, Jul. 30, 2012 Response to Office Action, p. 12*

58

## July 30, 2012 Response to Office Action

> Thus, the references cited by the Examiner do not disclose, teach or suggest the claimed limitation of "uncrosslinked HA in an amount of at least 10% by volume". Furthermore, a person of ordinary skill in the injectable polymer art would have recognized that adding uncrosslinked HA to a crosslinked HA composition would affect the viscoelastic properties of the composition. It is known that many variables affect viscosity of hyaluronic acid gels, including whether the hyaluronic acid is crosslinked or uncrosslinked. Further, a person of ordinary skill in the art would have recognized that the viscoelastic properties of a hyaluronic acid composition are important to provide a realistic or desirable appearance. **Thus, if a person of ordinary skill were to add uncrosslinked HA to a crosslinked HA composition, only a small or minor amount of uncrosslinked HA, and certainly less than 10% by volume, would be added** in order to avoid significantly affecting the viscoelastic properties of the composition. Applicant submits that the references, being silent as to an amount of uncrosslinked HA present, do not even suggest compositions having greater than 10% uncrosslinked HA, as which would be expected to affect the viscoelastic properties significantly. For at least these reasons, claims 1 and 3-12 are not *prima facie* obvious.
>
> Claims 14-22 are not *prima facie* obvious cited references do not teach or suggest "uncrosslinked HA at a concentration of at l weight of the HA composition."
>
> Claim 24 is not *prima facie* obvious cited references do not teach or suggest the claim element "uncrosslinked HA in an amount at least about 10% by weight of the HA component."

*Source: Ex. 9 to Defendants' Opening Claim Construction Brief – '475 Patent, Jul. 30, 2012 Response to Office Action, p. 12*

59

# November 19, 2012 USPTO Office Action

> Application/Control Number: 12/393,768   Page 6
> Art Unit: 1617
>
> of hyaluronic acid for treatment of the suppression of inflammatory reaction is 0.01 to 20% (column 2, lines 41-46). A local anesthetic can be added to the composition to minimize the painfulness of the injection (column 3, lines 28-30). The local anesthetic that can be used in accordance with the invention is lidocaine (column 2, lines 54-63).
>
> It would have been prima facie obvious to one of ordinary skill in the art the time of the instant invention to combine the teachings of Lebreton and Reinmuller et al. and have a reasonable expectation of success in adding uncross-linked hyaluronic acid to the composition in order to treat inflammation and also to treat any pain associated with the injection. With regard to the concentration, it would have been obvious to one of ordinary skill in the art to adjust the instant concentration by routine experimentation.
>
> The Applicant argues that the prior art does not teach adding the uncrosslinked HA to the composition in an amount of at least 10% and that it would not have been obvious to adjust the concentration to the instantly claimed concentration since this one of ordinary skill in the art would expect that it would change the viscosity of the composition such that it would render it not useful for its intended purpose. Applicant's argument has been fully considered but found not to be persuasive. Reinmuller et al. teach that a composition comprising 0.01 to 20% uncrosslinked HA based on the total pharmaceutical composition would for the treatment of inflammatory skin diseases
>
> Exhibit 10
> Page 114

*Source: Ex. 10 to Defendants' Opening Claim Construction Brief – '475 Patent, Nov. 19, 2012 USPTO Office Action, p. 6*

60