# Exhibit 18

| | |
|---|---|
| **From:** | Schmedlin, William (x2049) <wschmedlin@pbwt.com> |
| **Sent:** | Monday, December 01, 2014 6:41 AM |
| **To:** | Elizabeth M. Flanagan |
| **Cc:** | Phillip Goter; Lara S. Garner; Cavanaugh, William F. (x2793); Howard, Scott B. (x2451) |
| **Subject:** | RE: Allergan v. Medicis:  Addition of Galderma |

Betsy,

Thank you for your e-mail.  Our position on Q-Med has not changed.  Even assuming that we believed the cases cited in your e-mail arguably supported subjecting Q-Med to personal jurisdiction in the Central District of California, none of the cases postdate the recent *Walden* decision – the latest decision in a string of Supreme Court cases limiting personal jurisdiction or, at a minimum, clarifying that merely introducing a product into the stream of commerce will not automatically lead to personal jurisdiction.  We will certainly review any more current cases and reserve the right to change our position at that time.  Barring that, we will not consent to Q-Med's addition to the case.

Best regards,

Bill

**From:** Elizabeth M. Flanagan [mailto:EFlanagan@fr.com]
**Sent:** Monday, November 24, 2014 3:29 PM
**To:** Schmedlin, William (x2049)
**Cc:** Phillip Goter; Lara S. Garner; Cavanaugh, William F. (x2793); Howard, Scott B. (x2451)
**Subject:** RE: Allergan v. Medicis: Addition of Galderma


Dear Bill,

We have reviewed the Supreme Court cases you cited regarding the issue of personal jurisdiction over Q-Med, but do not believe they compel a conclusion that personal jurisdiction does not exist over Q-Med in California.  At least the following cases support jurisdiction over Q-Med: *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 Fed. Cir. 1994); *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424 (Fed. Cir. 1996); *Genetic Implant Sys. v. Core-Vent Corp.*, 123 F.3d 1455 (Fed. Cir. 1997).  Accordingly, we intend to move to amend the complaint to add Q-Med as a defendant.  In view of the foregoing case law, please let us know no later than this Wednesday if Q-Med will agree to be added and if Galderma SA will stipulate to be bound to the judgment.

Best regards,
Betsy

**From:** Schmedlin, William (x2049) [mailto:wschmedlin@pbwt.com]
**Sent:** Tuesday, November 18, 2014 9:47 PM
**To:** Elizabeth M. Flanagan
**Cc:** Phillip Goter; Lara S. Garner; Cavanaugh, William F. (x2793); Howard, Scott B. (x2451)
**Subject:** RE: Allergan v. Medicis: Addition of Galderma

Dear Betsy,

1

EXHIBIT 18
PAGE 107

We've had the opportunity to review the cases that you provided regarding why it would be appropriate for Galderma S.A. and/or Q-Med to consent to be added as defendants.

As a preliminary matter, regarding Q-Med, we acknowledge that the cases you provided provide some basis for bringing claims against foreign entities that manufacture and sell products abroad with knowledge they would be sold in the United States.  But we do not see any basis under which Allergan could properly assert personal jurisdiction over Q-Med in the Central District of California.  This is particularly true given the recent Supreme Court decisions which have limited personal jurisdiction.  Since 2011, the Supreme Court has (1) restricted general jurisdiction to states in which corporations are "fairly regarded as at home" (*Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846, 2854 (2011)); (2) limited specific jurisdiction when the contacts with the forum involve merely placing goods in the stream of commerce (*J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011)); and (3) emphasized that the proper analysis for personal jurisdiction looks at the defendant's contacts with the forum State, not the contacts of third parties (*Walden v. Fiore*, 134 S. Ct. 1115, 1126 (2014)).  Q-Med does not target California with its products and does not otherwise have any contacts with California.  For these reasons, Q-Med does not consent to be added as a defendant.

The personal jurisdiction issues above apply even more strongly to Galderma S.A., which does not manufacture or sell any products at all.  It has no contacts with California whatsoever.  Further, under the case law you provided, it does not appear that the mere provision of a general license to sell products satisfies the requirement of "active inducement."  For these reasons, Galderma S.A. does not consent to be added as a defendant.

We'd again like to state that Galderma S.A. and Q-Med AB are not opposed to cooperating with discovery as non-parties to the case.  We welcome your review of and comments on the Hague Convention materials we sent last week regarding how that compliance would be secured.  Moreover, it's our belief that Galderma S.A. would have little or no documents relevant to this case, further underscoring their irrelevance to the matter.  If Allergan's concern is merely that the rights are held by Galderma S.A., we would be willing to discuss with our client the possibility of stipulating that any decision would bind Galderma S.A. as well.

Please let us know if you would like to discuss these issues further.

Best regards,

Bill

---

**From:** Elizabeth M. Flanagan [mailto:EFlanagan@fr.com]
**Sent:** Wednesday, November 12, 2014 7:40 PM
**To:** Schmedlin, William (x2049)
**Cc:** Phillip Goter; Lara S. Garner; Cavanaugh, William F. (x2793); Howard, Scott B. (x2451)
**Subject:** RE: Allergan v. Medicis: Addition of Galderma


Bill & Scott,

During our call on Monday you suggested you were willing to review cases that provide a basis for Galderma SA and/or Q-Med's liability, and we identify some of those cases below.  Please review and let us know if your clients agree to be added as defendants.

In addition, please produce as soon as possible the agreement(s) between Galderma Laboratories  LP and Galderma S.A. or Q-Med that relate to the accused products, for example sales, revenues, distribution, and marketing.

We would appreciate a response by Friday and are available to confer tomorrow or Friday if necessary.

Thank you,
Betsy

Wing Shing Products (BVI), Ltd. v. Simatelex Manufactory Co., 479 F. Supp. 2d 388, 411 (S.D.N.Y. 2007) (granting summary judgment on inducement claim where the Hong-Kong based defendant "manufactured and sold infringing products with the knowledge that they would be sold in the United States").

Honeywell v. Metz Apparatewerke, 509 F.2d 1137 (7th Cir. 1975) (reversing dismissal for lack of personal jurisdiction where complaint alleged induced infringement based on defendant's manufacture of product abroad and entering into an exclusive distribution agreement with US companies that sold accused product in forum state).

Kearns v. Wood Motors, Inc. 204 USPQ 485 (E.D. Mich. 1978) (denying motion to dismiss for lack of personal jurisdiction over German car manufacturers that "distribute their products with the knowledge that the automobiles will eventually reach and be sold in the United States").

MEMC Electronics Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369 (Fed. Cir. 2005) (reversing summary judgment of no induced infringement because material fact existed as to whether Japanese manufacturer's conduct induced infringement by Texas entity).

---

**From:** Schmedlin, William (x2049) [mailto:wschmedlin@pbwt.com]
**Sent:** Friday, November 07, 2014 1:55 PM
**To:** Elizabeth M. Flanagan
**Cc:** Phillip Goter; Lara S. Garner; Cavanaugh, William F. (x2793); Howard, Scott B. (x2451)
**Subject:** RE: Allergan v. Medicis: Addition of Galderma

Dear Betsy,

We are not available this afternoon to discuss.  We do have time on Monday, however; please let us know what time would work for you and your team between 12 and 4:30.

Thanks,

Bill

---

**From:** Elizabeth M. Flanagan [mailto:EFlanagan@fr.com]
**Sent:** Friday, November 07, 2014 11:03 AM
**To:** Schmedlin, William (x2049)
**Cc:** Phillip Goter; Lara S. Garner; Cavanaugh, William F. (x2793); Howard, Scott B. (x2451)
**Subject:** RE: Allergan v. Medicis: Addition of Galderma


Dear Bill,

We have reviewed Bill Cavanaugh's October 31 letter that again indicates Galderma SA will not consent to be added as a party to this suit.  We continue to believe that Galderma SA should be added as a defendant.

We would like to meet and confer to attempt to resolve this outstanding issue so that, if necessary, Allergan can file a motion to amend to add Galderma SA as a party as soon as possible.  (See LR 7-3.)   Please let me know your availability for a brief call today so that we can provide more information on Allergan's position and also better understand the cooperation your clients are willing to provide on discovery from Galderma SA and QMed if those entities are not added to the case, and what your clients' positions are on whether proceeding through the Hague Convention for such discovery is required.

3

EXHIBIT 18
PAGE 109

In addition, Allergan does intend to add Galderma Labs LP as a defendant in this case.  Please confirm that you are proceeding with gathering documents and information responsive to the areas of discovery outlined in my previous e-mail from Galderma Labs.  We do not want the Galderma SA issue to delay discovery from Galderma Labs LP since all parties have agreed Galderma Labs will be added to the suit.

I am available after 2pm EST today, except from 3:30-4pm.  Please let me know what works for you or another member of your team and I will circulate a dial-in number.

Best regards,
Betsy


**Elizabeth M. Flanagan ::** Associate **::** Fish & Richardson P.C.
302 778 8472 direct **::** eflanagan@fr.com

---

**From:** Schmedlin, William (x2049) [mailto:wschmedlin@pbwt.com]
**Sent:** Friday, October 31, 2014 8:07 PM
**To:** Elizabeth M. Flanagan
**Cc:** Phillip Goter; Lara S. Garner; Cavanaugh, William F. (x2793); Howard, Scott B. (x2451)
**Subject:** RE: Allergan v. Medicis: Addition of Galderma

Dear Betsy,

Please see the attached letter from Bill Cavanaugh.

Best regards,

Bill

---

**From:** Elizabeth M. Flanagan [mailto:EFlanagan@fr.com]
**Sent:** Tuesday, October 28, 2014 6:57 PM
**To:** Schmedlin, William (x2049)
**Cc:** Phillip Goter; Lara S. Garner; Cavanaugh, William F. (x2793); Howard, Scott B. (x2451)
**Subject:** RE: Allergan v. Medicis: Addition of Galderma



Dear Bill,

We have reviewed Bill Cavanaugh's letter and fail to see why Galderma S.A. will not agree to be added to the lawsuit.  Based on the discovery provided to date, Galderma S.A. has the rights to distribute the accused products in the United States.  No documentation has been provided with respect to the role of Galderma Labs. L.P.; only Bill Cavanaugh's letter identifies that entity as the U.S. distributor.  Regardless, it is clear that Galderma S.A. is controlling Galderma Labs. L.P. and should be named as a defendant.

In addition, though Mr. Cavanaugh's correspondence still has not identified which Galderma entity is indemnifying Valeant and Medicis, the IPR petitions Galderma S.A. and Q-Med AB filed concerning the patents-in-suit identify those parties--collectively the "petitioner"--as the indemnifying party and the party that supplies the accused products.

We therefore fail to understand why Galderma SA and Q-Med will not agree to be joined as defendants. Based on Mr. Cavanaugh's letter, it appears that those parties will not agree to be added to the case in order to force Allergan to follow the Hague Convention procedures to obtain discovery from them, whereas Allergan would not have to do so if those parties were named defendants. Indeed, neither Galderma SA nor Q-Med are located in France, and to our knowledge, no blocking statute stands in their way from participating in discovery.

Please advise by COB tomorrow whether Galderma SA and Q-Med agree to be joined as defendants.

Best regards,
Betsy


**Elizabeth M. Flanagan ::** Associate :: Fish & Richardson P.C.
302 778 8472 direct :: eflanagan@fr.com

---

**From:** Schmedlin, William (x2049) [mailto:wschmedlin@pbwt.com]
**Sent:** Thursday, October 23, 2014 4:01 PM
**To:** Elizabeth M. Flanagan
**Cc:** Phillip Goter; Lara S. Garner; Cavanaugh, William F. (x2793); Howard, Scott B. (x2451)
**Subject:** RE: Allergan v. Medicis: Addition of Galderma

Betsy,

Please see the attached letter from Bill Cavanaugh.

Thanks,

Bill

---

**From:** Elizabeth M. Flanagan [mailto:EFlanagan@fr.com]
**Sent:** Wednesday, October 15, 2014 8:48 PM
**To:** Schmedlin, William (x2049); Howard, Scott B. (x2451)
**Cc:** Phillip Goter; Lara S. Garner
**Subject:** RE: Allergan v. Medicis: Addition of Galderma


CONTAINS VALEANT CONFIDENTIAL INFORMATION

Bill & Scott,

Following up on yesterday's call, before we provide a stipulation to amend the complaint and get an amended complaint on file, we want to identify all parties who should now be named as defendants. To date, Bill Cavanaugh's correspondence has indicated only that Galderma Laboratories, L.P., who will be distributing Restylane-L and Perlane-L in the U.S., agrees to be joined as a defendant. Publicly available information further identifies Galderma S.A. as forming the basis of Nestle Skin Health S.A.

5

EXHIBIT 18
PAGE 111

███████████████████████████████████████ Mr. Cavanaugh's July 31 letter is unclear on this point.

In short, it is not clear to us that Galderma Laboratories L.P. is the only party who should be joined as a defendant. We therefore request that you identify all entities that should be joined in order for Allergan to obtain complete relief in this case, including the possibility of an injunction, whether or not identified in the preceding paragraph. Please let us know when you are available to discuss this issue before the end of the week.

In addition, as discussed on the call, below is a general identification of subjects that Allergan requests that any newly named defendant provide discovery on, with the understanding that no new RFPs need to be served. We reserve the right to supplement this list, and are providing this information now to expedite the document collection and review process. Please confirm you will begin gathering and producing the requested information.

- Research and development leading to Restylane-L and Perlane-L (e.g., 1-3, 13, 16, 17, 30, 62-64)
- Manufacturing information on Restylane-L/Perlane-L, including manufacturing differences from Restylane and Perlane (e.g., RFP 1, 2, 3, 13, 16, 17, 30, 32, 62-64)
- Rheological testing of accused products and competitor products, including methodologies (e.g., RFP 18, 31-36, 53, 54, 86-88)
- Updated sales/financials (e.g., RFP 70, 79, 80, 82, 83)
- Updated market share information (e.g., 65, 66, 71-74)
- Regulatory files and correspondence, to the extent not already produced (e.g., RFP 4, 14, 15)
- Allergan's products, patents, validity, infringement (e.g., RFP 4-9, 42-46, 49, 52, 65, 66)
- Galderma/Q-Med patents (e.g., RFP 50-52)
- Licenses/royalties (e.g., RFP 53-56, 84)

In addition, I confirm that Allergan will not be seeking to add the '676 patent to this lawsuit. We look forward to hearing from you.

Thanks,
Betsy


**Elizabeth M. Flanagan** :: Associate :: Fish & Richardson P.C.
302 778 8472 direct :: eflanagan@fr.com

---

**From:** Schmedlin, William (x2049) [mailto:wschmedlin@pbwt.com]
**Sent:** Monday, October 13, 2014 4:26 PM
**To:** Elizabeth M. Flanagan
**Cc:** Phillip Goter; Cavanaugh, William F. (x2793); Howard, Scott B. (x2451)
**Subject:** RE: Allergan v. Medicis: Addition of Galderma

Betsy,

Would you be free at 3:00 tomorrow? We can use my call-in information:

1-888-872-3763
PW: 2123362049

Thanks,

Bill

**From:** Elizabeth M. Flanagan [mailto:EFlanagan@fr.com]
**Sent:** Monday, October 13, 2014 1:16 PM
**To:** Schmedlin, William (x2049)
**Cc:** Phillip Goter; Cavanaugh, William F. (x2793)
**Subject:** RE: Allergan v. Medicis: Addition of Galderma

Bill,

We would like to set up a conference to discuss the scope of discovery from Galderma, and what may be considered "unreasonable" as set out in Bill Cavanaugh's letter. We would also like to know the basis for the reference to inequitable conduct in the letter. Please let me know when you or someone on your team are available to discuss these issues tomorrow.

Thanks,
Betsy

**From:** Schmedlin, William (x2049) [mailto:wschmedlin@pbwt.com]
**Sent:** Monday, October 13, 2014 10:46 AM
**To:** Elizabeth M. Flanagan
**Cc:** Phillip Goter; Cavanaugh, William F. (x2793)
**Subject:** Allergan v. Medicis: Addition of Galderma

Betsy,

Please see the attached letter from Bill Cavanaugh.

Thanks,

Bill


------------------------------
William F. Schmedlin
Associate
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2049
wschmedlin@pbwt.com


Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to Internet email for messages of this kind.