# Exhibit 1


FISH & RICHARDSON

Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130

858 678 5070 main
858 678 5099 fax

**Lara S. Garner**
Principal
lgarner@fr.com
858 678 4332  direct

*VIA EMAIL*

January 14, 2015

William F. Schmedlin
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036

Re:   *Allergan USA, Inc. et al. v Medicis Aesthetics, Inc. et al.*
      C.A. No. 8:13-cv-01436-AG-JPRx (C.D. Cal.)

Dear Bill:

I write to memorialize our meet and confer conference of January 14, 2015.

**Defendants' Amended Responses to Allergan's Interrogatories:**

Defendants have reviewed the authority cited in Allergan's letter of January 13, 2015 but maintain their position that they have met their burden under Rule 33(d).  It is Defendants' position that the burden of discerning the answer to the interrogatory from the voluminous documents Defendants cited is the same for both parties.  You stated that the parties are at an impasse regarding Defendants' responses to interrogatory Nos. 1-3, 9-11, and 13-15.

**Defendants' Rule 30(b)(6) Deposition Designations:**

Regarding Defendants' designation of a witness to testify as to Defendants' "lack of knowledge" for several 30(b)(6) topics, you stated that we are at impasse for the same reasons that you have previously provided.  I confirmed that Allergan intends to move the Court to compel Defendants to designate a witness who is adequately prepared to testify substantively on the noticed topics or–if Defendants are unwilling to prepare a witness–for an order precluding Defendants from offering any trial testimony on the issues raised by the noticed topics.

I also requested that you inform us if Defendants reconsider their position on this issue.

**Galderma Laboratories' Disclosure of Q-Med Employees on its Initial Disclosures:**

Regarding Messrs. Peter Bjurling and Per Wilmos of Q-Med listed on Galderma's initial disclosures, you stated that you are looking into the possibility of making them available for deposition in the U.S., and that you will let us know by tomorrow.

EXHIBIT 1
PAGE 4

William F. Schmedlin
Page 2

Regarding the document production that Allergan seeks from Galderma, including documents from
Q-Med, related to the development of the Restylane-L and Perlane-L products, you stated you will
let us know Defendants' final position tomorrow.  You also stated that Defendants' will likely
maintain their refusal to produce this discovery unless it is requested pursuant to the Hague
convention.

Please let me know if I have misstated our discussion in any way.

Sincerely,

Lara S. Garner

LSG/seg
11350712.docx

EXHIBIT 1
PAGE 5