# Exhibit 11



Fish & Richardson P.C.
222 Delaware Avenue
17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

302 652 5070 main
302 652 0607 fax

January 19, 2015

**Elizabeth M. Flanagan**
EFlanagan@fr.com
302 778 8472  direct

William F. Schmedlin
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036

Re:  *Allergan USA, Inc. et al. v Medicis Aesthetics, Inc. et al.*
     C.A. No. 8:13-cv-01436-AG-JPRx (C.D. Cal.)

Dear Bill:

We write to address several outstanding discovery issues.

**Interrogatory Responses**

First, you have represented repeatedly over the past several weeks that Defendants would supplement their responses to Interrogatory Nos. 4 and 15.  Defendants have not yet done so.  Please confirm that Defendants will supplement those responses by Friday, January 23.  We will seek relief from the Court if this is not confirmed by Wednesday, January 21.

Second, Defendants previously agreed to supplement their response to Interrogatory No. 12, which seeks information about acceptable non-infringing alternatives, as discovery proceeds.  Defendants have not yet provided any meaningful supplementation, but have recently served a similar interrogatory request on Allergan.  It is inappropriate for Defendants to withhold their response until receiving Allergan's interrogatory response.   Please confirm that Defendants will supplement this interrogatory response by Friday, January 30.  Again, we will seek relief from the Court if this is not confirmed by Wednesday, January 21.

Third, with respect to Interrogatory No. 7, please confirm Defendants have not identified additional estoppel arguments as of Defendants' last supplementation on December 10, 2014.

**Galderma Labs Document Production/Galderma Labs Depositions**

You previously represented that Galderma Labs would begin its document production by the end of last week.  We have still have not received any documents from Galderma Labs, even though you represented that you were beginning to collect and review documents before the November 18 stipulation by which Galderma Labs was added to the case.  We are also waiting for you to confirm whether Per Lango's current e-mail account dates back to, or is otherwise linked to, his e-mail account as a Q-Med employee.  Please provide this information no later than January 23 and begin producing Galderma Labs' documents immediately.

1

fr.com

EXHIBIT 11
PAGE 39



January 19, 2015

Thank you for providing deposition dates for several Galderma Labs witnesses. Because we do not have any documents from Galderma Labs, and because we are going to be submitting a motion to compel Galderma Labs to produce documents concerning the development of Restylane-L and Perlane-L, we will not schedule depositions for Mr. Lawrence, Mr. Lango, Mr. Bjurling or Mr. Wilmos, or any other Galderma Labs 30(b)(6) designees at this time. We believe it to be a waste of the parties' and the witnesses' time to pursue those depositions until our motion to compel is resolved and Galderma Labs' document production is complete.

**Valeant's 30(b)(6) Designations**

As you know, Allergan has requested repeatedly that Valeant designate a witness who will be properly prepared to provide substantive testimony on 30(b)(6) topics 1-3, 5, 7-11, 13-26, and 49. As of last Wednesday, Valeant maintained that that it lacked knowledge on those topics and would be designating a witness—first Mr. Matheson, then Dr. Ramakrishna—to testify as to Valeant's lack of knowledge. Then, last Thursday, you designated Mr. Rick Lawrence, a current Galderma Labs employee and former Medicis employee, to testify substantively—i.e., not as to Valeant's lack of knowledge—on topics 3, 7, 13-15, 26 and 49. Last Friday you further designated Per Lango, a current Galderma Labs employee and former Q-Med employee, to testify substantively on Valeant 30(b)(6) topics 1, 2, 5, 8-11, 16-25, and 55.

First, please confirm that Valeant is no longer contending that they have no obligation to prepare a witness on these topics, and that the parties' discovery dispute on this issue is resolved.

Second, please confirm that Valeant will not raise prevent Allergan from showing Valeant's confidential documents to Mr. Lawrence and Mr. Lango, since both have been designated to testify as Valeant's 30(b)(6) designee.

Third, Valeant still has not designated a witness to testify on topics 52 or 53. Please identify a witness for those topics.

**Valeant's Document Production**

Mr. Rossen marked as exhibits at Dr. Lebreton's January 14 deposition several English translations of Allergan documents. Please produce electronic copies of those documents to us, and any accompanying certificates of translation.

We are still awaiting production of the agreements identified in my January 8 letter, and which are relevant for Mr. Matheson's January 22 deposition. Please produce them immediately and have copies available at his deposition.

Mr. Olson testified at his January 6 deposition that VAL0153426, VAL0118792, VAL0118791 are incomplete. Please update these documents to include all information from January 1, 2014 through July 9, 2014. Please also produce all documents referred to by Mr. Olson "pull through reports" for the Restylane family and Dysport products, and all reports regarding sales and revenue of the

2

EXHIBIT 11
PAGE 40



January 19, 2015

Restylane family and Dysport products received from Galderma since July 8, 2014. Please produce these documents before January 30.

We also have not been able to identify customer lists in Valeant's production, which are responsive to Request for Production No. 85. Please produce them by January 30.

If Defendants do not agree to provide supplemental interrogatory responses or timely provide the requested documents, please identify a time on Wednesday we can meet and confer under Local Rule 37.

Very truly yours,

*/s/ Elizabeth M. Flanagan*

Elizabeth M. Flanagan

80144883

3

EXHIBIT 11
PAGE 41