# EXHIBIT R

1   Juanita R. Brooks (CA Bar No. 75934) (brooks@fr.com)
    Lara S. Garner (CA Bar No. 234701) (lgarner@fr.com)
2   FISH & RICHARDSON P.C.
    12390 El Camino Real
3   San Diego, CA 92130
    Telephone: (858) 678-5070 / Fax: (858) 678-5099
4
    Craig E. Countryman (CA Bar No. 244601) (countryman@fr.com)
5   FISH & RICHARDSON P.C.
    555 W. 5th Street, 31st Floor
6   Los Angeles, California 90013
    Telephone:  (213) 533-4240 / Fax:  (213) 996-8304
7
    Jonathan E. Singer (CA Bar No. 187908) (singer@fr.com)
8   Michael J. Kane (pro hac vice) (kane@fr.com)
    Phillip W. Goter (pro hac vice) (goter@fr.com)
9   FISH & RICHARDSON P.C.
    60 South Sixth Street, Suite 3200
10  Minneapolis, MN 55402
    Telephone:  (612) 335-5070 / Fax:  (612) 288-9696
11
    Susan M. Coletti (pro hac vice) (coletti@fr.com)
12  Elizabeth M. Flanagan (pro hac vice) (eflanagan@fr.com)
    FISH & RICHARDSON P.C.
13  222 Delaware Avenue, 17th Floor
    Wilmington, DE 19899
14  Telephone:  (302) 652-5070 / Fax:  (302) 652-0607

15  Attorneys for Plaintiffs
    ALLERGAN USA, INC. and
16  ALLERGAN INDUSTRIE, SAS

17              UNITED STATES DISTRICT COURT
18              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 19  ALLERGAN USA, INC., and ALLERGAN INDUSTRIE, SAS, | Case No. SACV13-01436 AG (JPRx) |
| 20 | **PLAINTIFFS' RESPONSES AND** |
| Plaintiffs, | **OBJECTIONS TO DEFENDANTS'** |
| 21 | **FIRST SET OF REQUESTS FOR** |
| v. | **ADMISSION TO PLAINTIFFS** |
| 22 | **ALLERGAN USA, INC. AND** |
| MEDICIS AESTHETICS, INC., | **ALLERGAN INUDSTRIE, SAS** |
| 23  MEDICIS PHARMACEUTICAL CORP., | **(NUMBERS 1-11)** |
| VALEANT PHARMACEUTICALS | |
| 24  NORTH AMERICA LLC, | |
| VALEANT PHARMACEUTICALS | |
| 25  INTERNATIONAL, VALEANT | |
| PHARMACEUTICALS | |
| 26  INTERNATIONAL, INC., AND | |
| GALDERMA LABORATORIES, L.P. | |
| 27 | |
| Defendants. | |
| 28 | |

EXHIBIT R
97

Plaintiffs' Response and Objection to
Defendants' First Set of Request for Admission
Case No. SACV13-01436 AG (JPRx)

Pursuant to Rules 36 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California, Plaintiffs Allergan USA, Inc., and Allergan Industrie, SAS's ("Allergan" or "Plaintiffs"), hereby respond and object to the First Set of Requests for Admission (Numbers 1-11) ("Requests") propounded by Defendants Medicis Aesthetics, Inc., Medicis Pharmaceutical Corp., Valeant Pharmaceuticals North America LLC, Valeant Pharmaceuticals International, Valeant Pharmaceuticals International, Inc., and Galderma Laboratories, L.P. ("Defendants") as follows:

## RESERVATION OF RIGHTS

Discovery is ongoing in this case. Allergan reserves its right to modify and/or supplement its responses as additional information is obtained.  Allergan reserves the right to produce or use any information or documents that are discovered after service of these responses in support of or in opposition to any motion, in depositions, or at trial. Allergan also reserves the right to object to the use of these responses or the subject matter contained in them during any subsequent proceeding, including the trial of this or any other case. Allergan does not waive any objections on the grounds of privilege, relevance, authenticity, or admissibility.

## GENERAL OBJECTIONS

1. Allergan objects to these Requests, including the Definitions and Instructions, to the extent they seek to impose obligations in addition to or different from those embodied in Rule 36 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, Judge Guilford's Standing Patent Rules, and any applicable Court Order.  In responding to the Requests, Allergan will comply with the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, and any other applicable rule or court order.

1

EXHIBIT R
98
Plaintiffs' Response and Objection to
Defendants' First Set of Request for Admission
Case No. SACV13-01436 AG (JPRx)

2.     Allergan objects to each Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

3.     Allergan objects to these Requests to the extent they are overbroad, vague, ambiguous, unduly burdensome, duplicative, cumulative, unintelligible, or otherwise unclear as to the information sought. *James v. Maguire Correctional Facility*, 2012 WL 3939343, *4 (N.D. Cal. 2012) ("Because admissions are designed to limit factual issues in a case, the requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification. To facilitate clear and succinct responses, the facts stated in the request must be singularly, specifically, and carefully detailed.").

4.     Allergan objects to each Request to the extent it seeks information that is not relevant to any claim or defense, or not reasonably calculated to lead to the discovery of admissible evidence. In particular, Allergan objects to each Request to the extent that it relates to products that are not at issue in this lawsuit.

5.     Allergan objects to these Requests to the extent they call for a legal opinion or conclusion.  Allergan's responses should not be construed as admissions of any particular legal characterization made by these Requests.

6.     Allergan object to each Request to the extent it is premature, including, without limitation, requests for Allergan's legal contentions.

7.     Allergan objects to these Requests to the extent they seek admissions regarding information that may be found in documents that have been produced by Allergan and/or Defendants in connection with this case.

2

EXHIBIT R
99
Plaintiffs' Response and Objection to
Defendants' First Set of Request for Admission
Case No. SACV13-01436 AG (JPRx)

8.      Allergan objects to each Request to the extent it seeks information that is a matter of public record or that is otherwise equally available to or already in the possession of Defendants.

9.      Allergan objects to each Request to the extent it calls for information not within Allergan's possession, custody, or control.

10.     Allergan objects to each Request to the extent it seeks admissions for expert discovery prior to the time for completion of such discovery set forth in the Scheduling Order in this case.

11.     Any failure to repeat all or any part of the general objections in any specific response shall not constitute a waiver or relinquishment of such objection.

12.     Allergan expressly reserves each of these general objections. No response shall be deemed, and specifically is stated not to be, a waiver of these objections, which are applicable irrespective of whether specifically referred to in any specific response.

## RESPONSES TO REQUESTS FOR ADMISSION

Subject to the foregoing General Objections and Reservation of Rights, as well as the Specific Objections set forth below, Allergan responds to Defendants' First Set of Requests for Admission as follows:

REQUEST FOR ADMISSION NO. 1:

Admit that physicians in the United States added lidocaine to Perlane® immediately before use prior to August 4, 2007.

RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Allergan incorporates by reference each general objection set forth above. Allergan objects to this Request as vague, ambiguous, and/or overbroad with respect to the phrases "physicians," "added lidocaine to Perlane®" and "immediately before use." Subject to and without waiving the foregoing objections, Allergan answers as follows:  Allergan has no knowledge of any physician in the United States adding

3

EXHIBIT R
100
Plaintiffs' Response and Objection to
Defendants' First Set of Request for Admission
Case No. SACV13-01436 AG (JPRx)

1  lidocaine to Perlane® immediately before use prior to August 4, 2007, and therefore

2  denies the Request.

3  REQUEST FOR ADMISSION NO. 2:

4      Admit that physicians in the United States added lidocaine to Restylane®

5  immediately before use prior to August 4, 2007.

6  RESPONSE TO REQUEST FOR ADMISSION NO. 2:

7      Allergan incorporates by reference each general objection set forth above.

8  Allergan objects to this Request as vague, ambiguous, and/or overbroad with respect

9  to the phrases "physicians," "added lidocaine to Restylane®" and "immediately

10 before use."  Subject to and without waiving the foregoing objections, Allergan

11 answers as follows:  Allergan has no knowledge of any physician in the United

12 States adding lidocaine to Restylane® immediately before use prior to August 4,

13 2007, and therefore denies the Request.

14 REQUEST FOR ADMISSION NO. 3:

15     Admit that physicians in the United States added lidocaine to the Juvederm®

16 products immediately before use prior to August 4, 2007.

17 RESPONSE TO REQUEST FOR ADMISSION NO. 3:

18     Allergan incorporates by reference each general objection set forth above.

19 Allergan objects to this Request as vague, ambiguous, and/or overbroad with respect

20 to the phrases "physicians," "added lidocaine," "the Juvederm® products" and

21 "immediately before use."  Subject to and without waiving the foregoing objections,

22 Allergan answers as follows:  Allergan has no knowledge of any physician in the

23 United States adding lidocaine to the Juvederm® products immediately before use

24 prior to August 4, 2007, and therefore denies the Request.

25 REQUEST FOR ADMISSION NO. 4:

26     Admit that physicians added lidocaine to Perlane® immediately before use

27 prior to 2005.

28

4

EXHIBIT R
101
Plaintiffs' Response and Objection to
Defendants' First Set of Request for Admission
Case No. SACV13-01436 AG (JPRx)

RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Allergan incorporates by reference each general objection set forth above. Allergan objects to this Request as vague, ambiguous, and/or overbroad with respect to the phrases "physicians," "added lidocaine to Perlane®" and "immediately before use."   Subject to and without waiving the foregoing objections, Allergan answers as follows:  Allergan has no knowledge of any physician adding lidocaine to Perlane® immediately before use prior to 2005, and therefore denies the Request.

REQUEST FOR ADMISSION NO. 5:

Admit that physicians added lidocaine to Restylane® immediately before use prior to 2005.

RESPONSE TO REQUEST FOR ADMISSION NO. 5:

Allergan incorporates by reference each general objection set forth above. Allergan objects to this Request as vague, ambiguous, and/or overbroad with respect to the phrases "physicians," "added lidocaine to Restylane®" and "immediately before use."  Subject to and without waiving the foregoing objections, Allergan has no knowledge of any physician adding lidocaine to Restylane® immediately before use prior to 2005, and therefore denies the Request.

REQUEST FOR ADMISSION NO. 6:

Admit that physicians added lidocaine to Juvederm® products immediately before use prior to 2005.

RESPONSE TO REQUEST FOR ADMISSION NO. 6:

Allergan incorporates by reference each general objection set forth above. Allergan objects to this Request as vague, ambiguous, and/or overbroad with respect to the phrases "physicians," "added lidocaine," "Juvederm® products" and "immediately before use."  Subject to and without waiving the foregoing objections, Allergan has no knowledge of any physician adding lidocaine to the Juvederm® products immediately before use prior to 2005, and therefore denies the Request.

EXHIBIT R
102

REQUEST FOR ADMISSION NO. 7:

Admit that a physician adding lidocaine to Perlane® immediately before use would not infringe the Patents-in-Suit.

RESPONSE TO REQUEST FOR ADMISSION NO. 7:

Allergan incorporates by reference each general objection set forth above. Allergan objects to this Request as vague, ambiguous, and/or overbroad with respect to the phrases "adding lidocaine" and "immediately before use." Allergan objects to this Request as an ambiguous and an incomplete hypothetical. Allergan further objects to this request as calling for expert testimony. Allergan further objects to this Request as calling for a legal conclusion. *Apple Inc. v. Samsung Elec. Co., Ltd.*, 2012 WL 952254, at *4 (N.D. Cal. 2012); *see also Playboy Ent., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999); *James v. Maguire Correctional Facility*, 2012 WL 3939343, at *4 (N.D. Cal. 2012) (unpublished); *Garcia v. Clark*, 2012 WL 1232315, at *11 (E.D. Cal. 2012) (unpublished).

Subject to the foregoing specific and general objections, Allergan responds as follows: This Request improperly calls for a legal conclusion and is premised on an incomplete hypothetical, and Allergan is therefore unable to respond to this Request.

REQUEST FOR ADMISSION NO. 8:

Admit that a physician adding lidocaine to Restylane® immediately before use would not infringe the Patents-in-Suit.

RESPONSE TO REQUEST FOR ADMISSION NO. 8:

Allergan incorporates by reference each general objection set forth above. Allergan objects to this Request as vague, ambiguous, and/or overbroad with respect to the phrases "adding lidocaine" and "immediately before use." Allergan objects to this Request as an ambiguous and an incomplete hypothetical. Allergan further objects to this request as calling for expert testimony. Allergan further objects to this Request as calling for a legal conclusion. *Apple Inc. v. Samsung Elec. Co., Ltd.*,

6

EXHIBIT R
103
Plaintiffs' Response and Objection to
Defendants' First Set of Request for Admission
Case No. SACV13-01436 AG (JPRx)

1   2012 WL 952254, at *4 (N.D. Cal. 2012); *see also Playboy Ent., Inc. v. Welles*, 60

2   F. Supp. 2d 1050, 1057 (S.D. Cal. 1999); *James v. Maguire Correctional Facility*,

3   2012 WL 3939343, at *4 (N.D. Cal. 2012) (unpublished); *Garcia v. Clark*, 2012

4   WL 1232315, at *11 (E.D. Cal. 2012).

5       Subject to the foregoing specific and general objections, Allergan responds as

6   follows:  This Request improperly calls for a legal conclusion and is premised on an

7   incomplete hypothetical, and Allergan is therefore unable to respond to this Request.

8   REQUEST FOR ADMISSION NO. 9:

9       Admit that a physician adding lidocaine to Perlane® immediately before use

10  would be an acceptable non-infringing alternative to Perlane-L®.

11  RESPONSE TO REQUEST FOR ADMISSION NO. 9:

12      Allergan incorporates by reference each general objection set forth above.

13  Allergan objects to this Request as vague, ambiguous, and/or overbroad with respect

14  to the phrases "adding lidocaine" and "immediately before use."  Allergan objects to

15  this Request as an ambiguous, and an incomplete hypothetical.  Allergan further

16  objects to this Request as calling for a legal conclusion.  *Apple Inc. v. Samsung Elec.*

17  *Co., Ltd.*, 2012 WL 952254, at *4 (N.D. Cal. 2012); *see also Playboy Ent., Inc. v.*

18  *Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999); *James v. Maguire Correctional*

19  *Facility*, 2012 WL 3939343, at *4 (N.D. Cal. 2012) (unpublished); *Garcia v. Clark*,

20  2012 WL 1232315, at *11 (E.D. Cal. 2012).

21      Subject to and without waiving the foregoing general and specific objections,

22  Allergan admits that a physician adding lidocaine to Perlane® immediately before

23  use would not be an acceptable alternative to Perlane-L®.  Allergan objects to the

24  remainder of this Request.

25  REQUEST FOR ADMISSION NO. 10:

26      Admit that a physician adding lidocaine to Restylane® immediately before

27  use would be an acceptable non-infringing alternative to Restylane-L®.

28

7

EXHIBIT R
104
Plaintiffs' Response and Objection to
Defendants' First Set of Request for Admission
Case No. SACV13-01436 AG (JPRx)

1  RESPONSE TO REQUEST FOR ADMISSION NO. 10:

2      Allergan incorporates by reference each general objection set forth above.

3  Allergan objects to this Request as vague, ambiguous, and/or overbroad with respect

4  to the phrases "adding lidocaine" and "immediately before use."  Allergan objects to

5  this Request as an ambiguous, and an incomplete hypothetical.  Allergan further

6  objects to this Request as calling for a legal conclusion.  *Apple Inc. v. Samsung Elec.*

7  *Co., Ltd.*, 2012 WL 952254, at *4 (N.D. Cal. 2012); *see also Playboy Ent., Inc. v.*

8  *Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999); *James v. Maguire Correctional*

9  *Facility*, 2012 WL 3939343, at *4 (N.D. Cal. 2012) (unpublished); *Garcia v. Clark*,

10  2012 WL 1232315, at *11 (E.D. Cal. 2012).

11      Subject to and without waiving the foregoing general and specific objections,

12  Allergan admits that a physician adding lidocaine to Perlane® immediately before

13  use would not be an acceptable alternative to Perlane-L®.  Allergan objects to the

14  remainder of this Request.

15  REQUEST FOR ADMISSION NO. 11:

16      Admit that a physician adding lidocaine to Restylane® or Perlane®

17  immediately before use would not be practicing one or more of the claims in the

18  Patents-in-Suit.

19  RESPONSE TO REQUEST FOR ADMISSION NO. 11:

20      Allergan incorporates by reference each general objection set forth above.

21  Allergan objects to this Request as vague, ambiguous, and/or overbroad with respect

22  to the phrases "adding lidocaine" and "immediately before use."  Allergan objects to

23  this Request as an ambiguous and an incomplete hypothetical.  Allergan further

24  objects to this request as calling for expert testimony.  Allergan further objects to

25  this Request as calling for a legal conclusion.  *Apple Inc. v. Samsung Elec. Co., Ltd.*,

26  2012 WL 952254, at *4 (N.D. Cal. 2012); *see also Playboy Ent., Inc. v. Welles*, 60

27  F. Supp. 2d 1050, 1057 (S.D. Cal. 1999); *James v. Maguire Correctional Facility*,

28                                    8

EXHIBIT R
105
Plaintiffs' Response and Objection to
Defendants' First Set of Request for Admission
Case No. SACV13-01436 AG (JPRx)

1    2012 WL 3939343, at *4 (N.D. Cal. 2012) (unpublished); *Garcia v. Clark*, 2012

2    WL 1232315, at *11 (E.D. Cal. 2012).

3        Subject to the foregoing specific and general objections, Allergan responds as

4    follows:  This Request improperly calls for a legal conclusion and is premised on an

5    incomplete hypothetical, and Allergan is therefore unable to respond to this Request.

6

7    Dated:  February 17, 2015

8

9                            FISH & RICHARDSON P.C.

10

11                           By: /s/ Elizabeth M. Flanagan

12                                Elizabeth M. Flanagan

13                           Attorneys for Plaintiffs
                             ALLERGAN USA, INC. AND
14                           ALLERGAN INDUSTRIE, SAS

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                9

EXHIBIT R
106
Plaintiffs' Response and Objection to
Defendants' First Set of Request for Admission
Case No. SACV13-01436 AG (JPRx)

## PROOF OF SERVICE

I am employed in the County of New Castle, my business address is Fish & Richardson P.C., 222 Delaware Avenue, 17th Floor, Wilmington, Delaware.  I am over the age of 18 and not a party to the foregoing action.

On February 17, 2015, I caused a copy of the following document(s):

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFFS ALLERGAN USA, INC. AND ALLERGAN INUDSTRIE, SAS (NUMBERS 1-11)**

to be served on the interested parties in this action by ELECTRONIC MAIL as follows:

Donald G. Norris
dnorris@norgallaw.com
Douglas F. Galanter
dgalanter@norgallaw.com
Norris & Galanter LLP
523 West Sixth Street
Suite 716
Los Angeles, CA 90014

William F. Cavanaugh, Jr.
wfcavanaugh@pbwt.com
William F. Schmedlin
wschmedlin@pbwt.com
Scott B. Howard
sbhoward@pbwt.com
Adam E. Pinto
apinto@pbwt.com
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York. NY  10036

GALDERMA
LABORATORIES. L.P.

| | | |
|---|---|---|
| X | **ELECTRONIC MAIL:** | Such document was transmitted by electronic mail to the addressees' email addresses as stated above. |

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct.  Executed on February 17, 2015, at Wilmington, DE.

*/s/ Elizabeth M. Flanagan*
Elizabeth M. Flanagan

EXHIBIT R
107
Plaintiffs' Response and Objection to
Defendants' First Set of Request for Admission
Case No. SACV13-01436 AG (JPRx)