Donald G. Norris (SBN 90000)
Douglas F. Galanter (SBN 93740)
Norris & Galanter LLP
523 W. Sixth St., Suite 716
Los Angeles, CA 90014
Tel:   213-232-0855
Fax:   213-286-9499
dnorris@norgallaw.com
dgalanter@norgallaw.com

William F. Cavanaugh (SBN 133461)
Scott B. Howard (admitted *pro hac vice*)
William F. Schmedlin (admitted *pro hac vice*)
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone:   (212) 336-2000
Fax:         (212) 336-2222
wcavanaugh@pbwt.com
sbhoward@pbwt.com
wschmedlin@pbwt.com
Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLERGAN USA, INC., and ALLERGAN INDUSTRIE, SAS,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICIS AESTHETICS, INC., MEDICIS PHARMACEUTICAL CORP., VALEANT PHARMACEUTICALS NORTH AMERICA LLC, VALEANT PHARMACEUTICALS INTERNATIONAL, VALEANT PHARMACEUTICALS INTERNATIONAL, INC., AND GALDERMA LABORATORIES, L.P.<br><br>Defendants. | Case No. 8:13-cv-01436 AG (JPRx)<br><br>**DEFENDANTS' STATEMENT OF GENUINE ISSUES AND PROPOSED CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**FILED UNDER SEAL**<br><br>Date:   June 1, 2015 (proposed)<br>Time:   10:00 a.m.<br>Ctrm:   10D |

1

DEFENDANTS' STATEMENT OF GENUINE ISSUES AND PROPOSED CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 8:13-cv-01436

7878380v.1

| | Judge: Andrew J. Guilford |
|---|---|

Pursuant to Rule 56-2 of the Local Rules of the United States District Court for the Central District of California, Defendants submit the following Statement of Genuine Issues in opposition to Plaintiffs' motion for partial summary judgment.

## STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Plaintiffs' Statement of Allegedly Undisputed Facts | Defendants' Response |
|---|---|
| 1. Defendants' opening expert report from Dr. Prestwich does not cite any supporting documents that demonstrate doctors were pre-mixing any HA-BDDE filler (e.g., Restylane and Juvederm Ultra) and lidocaine before Allergan's August 2008 filing date. (Countryman Decl. Ex. 4 at ¶¶ 145, 227–30, 235–237, 182–186, Ex. D at 46–51, Ex. E at 11–12, Ex. F at 8–10) | Undisputed. |
| 2. Defendants' rebuttal expert report from Dr. Nestor does not cite any patient records or supporting documents that establish that he pre-mixed any HA-BDDE filler (e.g. Restylane and Juvederm Ultra) and lidocaine before Allergan's August 2008 filing date. (Countryman Decl., Ex. 8 at | Undisputed. |

2

DEFENDANTS' STATEMENT OF
GENUINE ISSUES AND PROPOSED
CONCLUSIONS OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
Case No. 8:13-cv-01436

7878380v.1

| Uncontroverted Fact | Supporting Evidence |
|---|---|
| ¶¶ 45–46 & n.29.) | |
| 3. Defendants have not identified any patient records or other supporting documents that establish the alleged prior use described in the Internet article cited at footnote 29 of Dr. Nestor's report (and attached as Exhibit 9 to this motion). (*See, e.g.*, Ex. 6 (no mention of such corroboration in the invalidity contentions).) | Undisputed. |
| 4. Defendants' invalidity contentions do not mention Dr. Nestor, the Internet article cited at footnote 29 of Dr. Nestor's report, and do not identify any other evidence establishing that any doctor pre-mixed any HA-BDDE filler (e.g., Restylane and Juvederm Ultra) and lidocaine before Allergan's August 2008 filing date. (*See* Ex. 6.) | Undisputed. |

## **DEFENDANTS' STATEMENT OF ADDITIONAL MATERIAL FACTS**

The following facts are material to the resolution of Plaintiffs' motion for partial summary judgment:

| Uncontroverted Fact | Supporting Evidence |
|---|---|
| 5. Physicians were mixing HA-BDDE fillers with lidocaine in the United States before August 2008. | ██████████ |

3

DEFENDANTS' STATEMENT OF
GENUINE ISSUES AND PROPOSED
CONCLUSIONS OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
Case No. 8:13-cv-01436

7878380v.1

| | | |
|---|---|---|
| | ■ | ■ ; D.I. 61 at 4. |
| | 6. ■ | ■ |
| | 7. ■ | ■ |
| | 8. Dr. Nestor premixed Restylane with lidocaine before 2006. | Ex. S ¶ 45; Ex. T ¶¶ 3–4. |
| | 9. Allergan admitted in its claim construction brief that doctors were mixing HA fillers with lidocaine in the mid-2000s when Dr. Lebreton began his work. | D.I. 61 at 4. |
| | 10. ■ | ■ |
| | 11. ■ | ■ |

4

DEFENDANTS' STATEMENT OF GENUINE ISSUES AND PROPOSED CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 8:13-cv-01436

7878380v.1

| | |
|---|---|
| 1. ███ | |
| 12. ███████████████ | ███ |
| 13. ███████████████ | ███ |
| 14. American doctors published articles regarding the mixing of dermal fillers with lidocaine before Allergan's August 2008 filing date. | Ex. I; Ex. J. |

## CONCLUSIONS OF LAW

### I.     Summary Judgment Standard

1.     Summary judgment is appropriate only when "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

2.     In considering a motion for summary judgment, the court must examine the evidence in the light most favorable to the nonmoving party. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

### II.    Evidence Not Requiring Corroboration Conclusively Demonstrates Premixing in the United States Before August 2008

3.     The corroboration requirement applies only to certain oral evidence. *Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.3d 728, 737 (Fed. Cir. 2002) ("Generally, oral testimony of prior public use must be corroborated in order to invalidate a patent."); *Thomson S.A. v. Quixote Corp.*, 166 F.3d 1172, 1175 (Fed. Cir.

5

DEFENDANTS' STATEMENT OF GENUINE ISSUES AND PROPOSED CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 8:13-cv-01436

7878380v.1

1999) ("[A]n inventor's testimony alone respecting the facts surrounding a claim of derivation or priority of invention cannot satisfy the clear and convincing standard without corroboration.").[1]

4. Documentary evidence needs no corroboration. *See, e.g., Brown v. Barbacid*, 276 F.3d 1327, 1335 (Fed. Cir. 2002) ("This corroboration rule does not apply with the same force to proof of inventive facts with physical exhibits."); *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577–78 (Fed. Cir. 1996) ("This court does not require corroboration where a party seeks to prove conception through the use of physical exhibits.").

5. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

6. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See Sjolund v. Musland*, 847 F.2d 1573, 1579 (Fed. Cir. 1988) ("Given Sjolund's admission, substantial evidence supports only one finding, namely that [the invention] . . . [was] known or used by others prior to the date of Sjolund's invention); c*f. Zenith Elecs. Corp. v. PDI Comm'n Sys.*, 522 F.3d 1348, 1357 (Fed. Cir. 2008) (considering testimony from employees of patentee as corroboration of public-use date of invention).

7. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[1] The corroboration requirement for prior uses under § 102(a) or (b) is the same as the requirement for priority disputes under § 102(g). *Finnigan*, 180 F.3d at 1367.

6   DEFENDANTS' STATEMENT OF GENUINE ISSUES AND PROPOSED CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 8:13-cv-01436

7878380v.1

1  8. ██████████████████████████████
2  ██████████████████████████████

3  9. Statements of facts in briefs may be considered party admissions. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.3d 224, 227 (9th Cir. 1988); *see also Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 557 (9th Cir. 2003); 10A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 2723.

10. "Judicial admissions . . . have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Am. Title Ins.*, 861 F.2d at 226 (citation omitted); *see also Oscanyan v. Arms Co.*, 103 U.S. 261, 263 (1881); *Murrey v. United States*, 73 F.3d 1448, 1455 (7th Cir. 1996) ("A judicial admission trumps evidence.").

11. Allergan is bound by its admission that doctors were mixing HA fillers with lidocaine when Dr. Lebreton began his work in the mid-2000s, precluding partial summary judgment motion for Allergan.

### III. Dr. Nestor's Testimony is Sufficiently Corroborated

12. Because Dr. Nestor is an uninterested non-party, his testimony needs no corroboration. *Thomson*, 166 F.3d at 1176.

13. Even if corroboration were required, testimony from Julie Santos, a nurse who has worked with Dr. Nestor since 1999, corroborates Dr. Nestor's testimony that he and his staff began mixing Restylane with lidocaine before 2006, precluding partial summary judgment for Allergan.

14. Allergan's admission ████████████████████ corroborates Dr. Nestor's statement that doctors were mixing HA fillers with lidocaine before 2006,

7   DEFENDANTS' STATEMENT OF GENUINE ISSUES AND PROPOSED CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 8:13-cv-01436

7878380v.1

1  precluding partial summary judgment for Allergan.  *See Sjolund*, 847 F.2d at 1579;

2  *Zenith Elecs. Corp.*, 522 F.3d at 1357.

3       15.  [REDACTED]

4

5

6  **IV.  Defendants May Continue to Add Evidence of Prior Use**

7       16.   Allergan has had full notice of Defendant's invalidity arguments relating

8  to premixing.

9       17.   It would be inequitable to preclude further evidence of premixing given

10 Allergan's admission of premixing in the mid-2000s and subsequent denial of that

11 fact.

12      18.   Dr. Prestwich's report appropriately relies on the assumption that doctors

13 were mixing HA fillers with lidocaine.  That fact need only be proven somewhere in

14 the record, not in the report itself.  *See, e.g., McLean v. 988011 Ontario, Ltd.*, 224

15 F.3d 797, 801 (6th Cir. 2000) ("An expert's opinion, where based on assumed facts,

16 must find some support for those assumptions in the record."); *see also* Fed. R. Civ. P.

17 26(b)(4)(C)(iii) (permitting discovery on assumptions relied on by experts).

18      19.   Dr. Nestor's report need not cite the evidence corroborating its

19 statements regarding premixing.  *Cf. Cognex Corp. v. Microscan Sys., Inc.*, 990 F.

20 Supp. 2d 408, 414–15 (S.D.N.Y. 2013) (denying summary judgment of no invalidity

21 where expert's opinion was corroborated by other record evidence).

22

23 Dated:  April 20, 2015                NORRIS & GALANTER LLP

24                                      PATTERSON BELKNAP WEBB & TYLER LLP

25
                                  8           DEFENDANTS' STATEMENT OF
26                                            GENUINE ISSUES AND PROPOSED
                                              CONCLUSIONS OF LAW IN OPPOSITION TO
27                                            PLAINTIFFS' MOTION FOR PARTIAL
                                              SUMMARY JUDGMENT
28                                            Case No. 8:13-cv-01436

7878380v.1

|   |   |
|---|---|
| 1 | */s/* William F. Cavanaugh, Jr._____<br>Attorneys for Defendants |
| 2 |   |
| 3 |   |
| ... |   |
| 28 |   |

DEFENDANTS' STATEMENT OF
GENUINE ISSUES AND PROPOSED
CONCLUSIONS OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
Case No. 8:13-cv-01436

7878380v.1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 20, 2015 to all counsel of record via electronic mail.

*/s/* Joseph R. Richie_____
Joseph R. Richie

10   DEFENDANTS' STATEMENT OF GENUINE ISSUES AND PROPOSED CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 8:13-cv-01436

7878380v.1