# Exhibit 11

CONFIDENTIAL – SUBJECT TO PROTECIVE ORDER

Juanita R. Brooks (CA Bar No. 75934) (brooks@fr.com)
Craig E. Countryman (CA Bar No. 244601) (countryman@fr.com)
Lara S. Garner (CA Bar No. 234701) (lgarner@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Jonathan E. Singer (CA Bar No. 187908) (singer@fr.com)
Michael J. Kane (kane@fr.com)
FISH & RICHARDSON P.C.
60 South Sixth Street, Suite 3200
Minneapolis, MN 55402
Telephone: (612) 335-5070 / Fax: (612) 288-9696

Susan M. Coletti (coletti@fr.com)
Elizabeth M. Flanagan (eflanagan@fr.com)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
Telephone: (302) 652-5070 / Fax: (302) 652-0607

Attorneys for Plaintiffs
ALLERGAN USA, INC. and
ALLERGAN INDUSTRIE, SAS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLERGAN USA, INC., and ALLERGAN INDUSTRIE, SAS,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICIS AESTHETICS, INC., MEDICIS PHARMACEUTICAL CORP., VALEANT PHARMACEUTICALS NORTH AMERICA LLC, VALEANT PHARMACEUTICALS INTERNATIONAL, and VALEANT PHARMACEUTICALS INTERNATIONAL, INC. AND GALDERMA LABORATORIES, L.P. | Case No. 8:13-cv-01436 AG (JPRx)<br><br>**PLAINTIFFS' FISRT SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORY NO. 3** |

CONFIDENTIAL – SUBJECT TO PROTECIVE ORDER

Defendants.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California, Plaintiffs Allergan USA, Inc. and Allergan Industries, SAS (collectively, "Allergan") hereby respond to Defendants' Interrogatory No. 3 as follows.

Investigation and discovery is ongoing in this case. Allergan's objections and responses are based upon information currently available to Allergan, and are made without prejudice to Allergan's rights to use or rely on any subsequently discovered information.

## **GENERAL OBJECTIONS**

The following General Objections are incorporated into and made a part of the response:

1. Plaintiffs object to Defendants' definition of "You," "Your," "Allergan," and "Plaintiffs" as vague, ambiguous and overly broad and inconsistent with the Federal Rules of Civil Procedure to the extent it purports to include information outside Allergan's possession, custody or control and conflates legally distinct entities Allergan USA, Inc. and Allergan Industrie, SAS.

2. Allergan objects to the Interrogatories, and the "Definitions" and "Instructions" contained in the Interrogatories, to the extent that they are inconsistent with or seek to impose obligations on Allergan beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, Judge Guilford's Standing Patent Rules, and any applicable Court Order. Such Definitions and Instructions render Interrogatories subject to them vague, ambiguous, overly broad, unduly burdensome, improperly divided into multiple sub-parts, and otherwise inconsistent with the Federal Rules of Civil Procedure. Allergan will abide by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the

2    PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSE TO
INTERROGATORY NO. 3
CASE NO. 8:13-CV-01436 AG (JPRx)

EXHIBIT 11
PAGE 6

CONFIDENTIAL – SUBJECT TO PROTECIVE ORDER

1. Central District of California, Judge Guilford's Standing Patent Rules, and any applicable Court Order in responding to the Interrogatories.

3. By identifying a document in response to an Interrogatory, Allergan does not admit that the document is free of information that is privileged or immune from discovery, nor does Allergan waive its right to withhold any portion of the document that is privileged or immune from discovery.

4. By identifying a document in response to an Interrogatory, Allergan does not admit that the document is relevant or admissible at a hearing or trial of this action (e.g., as coming within an exception to the hearsay rule, Fed. R. Evid. 802).

5. In those instances where the response to the Interrogatories can be derived from Allergan's business records—or from an examination, audit or inspection of such business records—and the burden of deriving or ascertaining the answer is substantially the same for Defendants as for Allergan, Allergan will specify the record(s) from which a complete answer may be ascertained and afford Defendants a reasonable opportunity to audit, inspect, and copy such records, or will provide copies of such records in accordance with Federal Rule of Civil Procedure 33(d).

6. Allergan objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or immunity.

7. Allergan objects to the Interrogatories to the extent that they seek information that is not relevant and admissible or not reasonably calculated to lead to the discovery of admissible evidence.

8. To the extent that the Interrogatories seek duplicative or cumulative information provided in response to other discovery requests, Allergan objects to them on the grounds that they are overly broad, unduly burdensome, and/or seek

3
PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3
CASE NO. 8:13-CV-01436 AG (JPRx)

EXHIBIT 11
PAGE 7

CONFIDENTIAL – SUBJECT TO PROTECIVE ORDER

1  information that is neither relevant nor reasonably calculated to lead to the discovery
2  of admissible evidence.
3      9.    Allergan objects to each Interrogatory to the extent that it seeks
4  information containing confidential or proprietary information of a non-party or
5  information that is covered by a confidentiality agreement between Allergan and the
6  non-party, unless the non-party agrees to a suitable protective order or consents in
7  writing to disclosure to Defendants.
8      10.    Allergan objects to the Interrogatories to the extent that they seek
9  information that is a matter of public record or that is otherwise equally available to
10 or already in the possession of Defendants.
11     11.    Allergan objects to the Interrogatories to the extent that they seek
12 information not in Allergan's possession, custody, or control.
13     12.    Allergan objects to the Interrogatories to the extent that they are vague,
14 ambiguous, indefinite, overbroad, unduly burdensome, duplicative, cumulative,
15 unlimited in time or scope, or otherwise unclear as to the information sought.
16     13.    Allergan objects to Defendants' definition of "Patent" as vague,
17 ambiguous and overly broad, and inconsistent the Federal Rules of Civil Procedure.
18     14.    Allergan objects to Defendants' definition of "Prior Art" as vague,
19 ambiguous and overly broad, and inconsistent the Federal Rules of Civil Procedure.
20     15.    Allergan objects to Defendants' definition of "Patent Application(s)" as
21 vague, ambiguous and overly broad, and inconsistent the Federal Rules of Civil
22 Procedure.
23     16.    Allergan reserves the right to supplement, amend, modify, or correct its
24 responses to Defendants' Interrogatories as additional evidence pertinent to this
25 action becomes available.
26     17.    The General Objections and Specific Objections are made as to matters
27 that are clearly objectionable on the face of the Interrogatories. Allergan makes the
28

4      PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSE TO
INTERROGATORY NO. 3
CASE NO. 8:13-CV-01436 AG (JPRx)

EXHIBIT 11
PAGE 8

CONFIDENTIAL – SUBJECT TO PROTECIVE ORDER

objections without prejudice to and without waiver of its right to object on any grounds to any of the Interrogatories.

18. Any failure to repeat all or any part of the General Objections in any specific response shall not constitute a waiver or relinquishment of such objection.

The foregoing General Objections are incorporated into each of Allergan's responses irrespective of whether such Objection is expressly referred to by Allergan's answer to a specific Interrogatory. The repetition or omission of a particular General Objection in a specific answer is not a waiver of any of Allergan's General Objections.

Since discovery is still ongoing and Allergan's investigation continues, Allergan reserves its right to supplement its Objections and Responses. The following Responses reflect Allergan's present knowledge, information, and belief, and as permitted by the Federal Rules of Civil Procedure, may be changed, modified, or supplemented based on discovery or as additional facts and circumstances come to Allergan's attention. Allergan reserves the right to produce evidence of any subsequently discovered fact, to alter or amend the Objections and Responses set forth herein, and otherwise to assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 3:**

Separately for each asserted claim of the Patents-in-Suit, state the circumstances of the conception and reduction to practice of the claimed subject matter, including the earliest dates of conception and reduction to practice that You will rely upon in this litigation, each and every fact on which You rely as a basis for those dates (including any evidence of diligence between those dates), persons involved as participants or witnesses, and the identity of all documents and persons that can support or refute the described circumstances.

**RESPONSE TO INTERROGATORY NO. 3:**

Allergan objects to this Interrogatory as purporting to be a single interrogatory when, on its face, it includes multiple, discrete subparts. Allergan also

CONFIDENTIAL – SUBJECT TO PROTECIVE ORDER

1. objects to this Interrogatory as premature because it seeks Allergan's contentions regarding conception, diligence and reduction to practice before discovery is substantially complete. It is not appropriate to require answers to contention interrogatories until discovery is substantially complete (unless otherwise ordered by the Court, which has not occurred here). *See AMEC Env't & Infrastructure, Inc. v. Geosyntec Consultants Inc.*, 2013 WL 3923459, at *4 (N.D. Cal. July 26, 2013); *B. Braun Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994); *Nestle Foods Corp. v. Aetna Cas. & Surety Co.*, 135 F.R.D. 101, 110-111 (D.N.J.1990); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985); *see also Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 n.5 (C.D. Cal. Feb. 25, 2009).

Allergan further objects to this Interrogatory to the extent that it seeks discovery of information that is subject to the attorney-client privilege, work product immunity, and/or any other applicable privilege or immunity.

Allergan also objects to this Interrogatory as overly broad, unduly burdensome, and cumulative in that it seeks "each and every fact" and "all documents and persons."

Allergan further objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants have not yet identified any relevant prior art that would render the information sought by this Interrogatory relevant.

Allergan also objects that this Interrogatory calls for a legal conclusion.

Subject to the forgoing general and specific objections, and without waiving any such objections, Allergan will provide a response to this contention Interrogatory once fact discovery is substantially complete if Defendants identify prior art that makes a conception date or reduction to practice date a relevant issue in this case.

CONFIDENTIAL – SUBJECT TO PROTECIVE ORDER

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Allergan hereby incorporates by reference its Response to Interrogatory No. 3 dated March 11, 2014.

Subject to the foregoing general and specific objections, and without waiving such objections, Allergan supplements its response as follows:

In the early 2000s, Allergan (then known as Group Corneal Laboratories, based in France), was a leading manufacturer and developer of hyaluronic acid (HA) products. Those products included Rhexeal, an ophthalmic product composed of uncrosslinked HA, and the Juvederm and Surgiderm line of dermal filler products, composed of BDDE-crosslinked HA.

Building on its expertise in HA-based products, in late 2004 Allergan sought to improve its dermal filler line of products and satisfy an existing market need by incorporating lidocaine directly into a BDDE-crosslinked HA dermal filler compositions.

Inventor Dr. Pierre Lebreton sought to develop a stable, sterile BDDE-crosslinked HA dermal filler containing the anesthetic agent lidocaine. He first sought to incorporate the lidocaine into the existing Juvederm and Surgiderm products during the course of manufacture to achieve a stable, sterile BDDE-crosslinked HA filler containing lidocaine that had a duration of clinical effect and physical characteristics at least equivalent to that of the Juvederm and Surgiderm line of products. However, the properties of lidocaine and the manufacturing process—namely, high-temperature heat sterilization—posed significant obstacles to this goal. Because lidocaine HCl is acidic, its addition would decrease the pH of the gel composition, leading to acid-catalyzed hydrolytic degradation of the crosslinked HA. Subjecting the more acidic lidocaine-containing gel to standard high-temperature autoclave sterilization conditions was thought to increase the rate of acid hydrolysis of HA, exacerbating the degradation of crosslinked HA. If the degradative effect on HA was great enough, the composition's physical properties

CONFIDENTIAL – SUBJECT TO PROTECIVE ORDER

could be substantially impacted, rendering the composition unacceptable as a dermal filler. In addition, it was not known whether even if a viable filler survived the manufacturing process its physical and other properties could be maintained over an acceptable shelf life. Further, it was believed that adding salts to the compositions, including from lidocaine HCl or from any pH adjustment associated with the introduction of lidocaine, could alter and degrade the composition's physical properties.

Dr. Lebreton, assisted primarily by Samuel Gavard, undertook a series of studies and experiments in 2005. Those studies included evaluation of lidocaine's reaction to the manufacturing and sterilization processes used with the Juvederm and Surgiderm BDDE-crosslinked gel bases, and determination of lidocaine's impact on the properties of those gels. Work on the compositions included, for example, analyzing the effect of lidocaine on the pH of the gel, pH optimization, assessing the impact of sterilization on the compositions' properties, and stability testing. The laboratory work supporting the studies and experiments is reported in AGNHA00188334-597; *see also* AGNHA00176334-371; AGNHA00176372-515; AGNHA_T00188334-597.

During the course of the development work, Dr. Lebreton discovered that after incorporating lidocaine into a BDDE-crosslinked HA dermal filler, referred to as gel 30, and autoclaving it, the composition did not substantially degrade over time, either with or without pH adjustment, as evidenced by rheological testing conducted at 0.1 Hz over the course of accelerated stability testing. *See, e.g.*, AGNHA188451; AGNHA 176613-24; AGNHA 176625-32. This was in contrast to what Dr. Lebreton observed upon adding lidocaine to uncrosslinked HA compositions, which exhibited a substantial, prohibitive viscosity loss after heat sterilization. *See, e.g.*, AGNHA 188334-597; AGNHA_T00188334-597; AGNHA 317844, AGNHA 298493, AGNHA 189883.

CONFIDENTIAL – SUBJECT TO PROTECIVE ORDER

1     Pursuant to Fed. R. Civ. P. 33(d), additional information responsive to this Interrogatory can be found in the following exemplary documents: AGNHA 185800-02; AGNHA 185749-50; AGNHA 185744-45; AGNHA 187380-89; AGNHA0185731-62; AGNHA 187356-64; AGNHA 185966-67; AGNHA 192350-52; AGNHA 183214-70; AGNHA 176625-32; AGNHA 185746; AGNHA 176613-24; AGNHA 187365-71; AGNHA 192290-91; AGNHA 176174-84; AGNHA 176000-02; AGNHA 176207-12; AGNHA 189883-89; AGNHA 317844; AGNHA 298493-95; AGNHA176003-09; AGNHA 187259-63.

    Based on the above, by 2005, Dr. Lebreton had identified and made certain heat-sterilized crosslinked-HA dermal fillers containing lidocaine that would be commercially acceptable, shelf stable, and provide adequate pain relief at the time of injection. Dr. Lebreton continued to refine these compositions while developing additional lidocaine-containing BDDE-crosslinked dermal filler compositions, including Juvederm Ultra 2, 3 and 4, and Juvederm Voluma XC, first sold in Europe, and Juvederm Ultra XC and Juvederm Ultra Plus XC. To the extent the inventions of the '795 and '475 patents were not actually reduced to practice, they were constructively reduced to practice when provisional application nos. 61/085,956, 61/087,934, and 61/096,278 were filed on August 4, August 11, and September 11, 2008, respectively. Pursuant to Fed. R. Civ. P. 33(d), additional data incorporated into the provisional applications can be found in the following exemplary documents: *see, e.g.*, AGNHA 187631-73; AGNHA 176575-612.

    Investigation and discovery is ongoing in this case. The objections and contentions are based upon information currently available to Allergan, and are made without prejudice to Allergan's rights to use or rely on any subsequently discovered information. Allergan specifically reserves the right to supplement, amend, modify, and/or correct this response after discovery is substantially complete.

CONFIDENTIAL – SUBJECT TO PROTECIVE ORDER

Dated: January 6, 2014    FISH & RICHARDSON P.C.

By: */s/ Elizabeth M. Flanagan*
      Elizabeth M. Flanagan

Attorney for Plaintiffs
ALLERGAN USA, INC. and
ALLERGAN INDUSTRIE, SAS

10   PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSE TO
     INTERROGATORY NO. 3
     CASE NO. 8:13-CV-01436 AG (JPRx)

EXHIBIT 11
PAGE 14

CONFIDENTIAL – SUBJECT TO PROTECIVE ORDER

# PROOF OF SERVICE

I am employed in the County of New Castle, my business address is Fish & Richardson P.C., 222 Delaware Avenue, 17th Floor, Wilmington, Delaware.  I am over the age of 18 and not a party to the foregoing action.

On January 6, 2015, I caused a copy of the following document(s):

**PLAINTIFFS' FISRT SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORY NO. 3**

to be served on the interested parties in this action by ELECTRONIC MAIL, via the email addresses set forth below:

| | |
|---|---|
| Donald G. Norris | William F. Cavanaugh, Jr. |
| dnorris@norgallaw.com | wfcavanaugh@pbwt.com |
| Douglas F. Galanter | William F. Schmedlin |
| dgalanter@norgallaw.com | wschmedlin@pbwt.com |
| Norris & Galanter LLP | Scott B. Howard |
| 523 West Sixth Street | sbhoward@pbwt.com |
| Suite 716 | Adam E. Pinto |
| Los Angeles, CA 90014 | apinto@pbwt.com |
| | Patterson Belknap Webb & Tyler LLP |
| | 1133 Avenue of the Americas |
| | New York, NY  10036 |

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct.  Executed on January 6, 2015, at Wilmington, DE.

                                             */s/ Elizabeth M. Flanagan*
                                             Elizabeth M. Flanagan