# Exhibit 7

| | |
|---|---|
| **From:** | Schmedlin, William (x2049) <wschmedlin@pbwt.com> |
| **Sent:** | Thursday, March 26, 2015 5:38 AM |
| **To:** | Elizabeth M. Flanagan; Howard, Scott B. (x2451) |
| **Cc:** | Lara S. Garner; Craig Countryman; Pinto, Adam E. (x2156); Rossen, Ben (x2379); Cavanaugh, William F. (x2793) |
| **Subject:** | RE: Allergan v. Medicis - Nestor report |

Betsy,

We disagree with Allergan's characterization of portions of Dr. Nestor's report as untimely.

As an initial matter, the pre-mixing described by Dr. Nestor was disclosed in our opening expert reports (*see, e.g.*, February 17, 2015 Expert Report of Glenn D. Prestwich, ¶¶ 145, 227-30) and our final invalidity contentions (*see, e.g.*, *Id.*, Ex. D, pp. 46-51; *Id.*, Ex. E, pp. 11-12).  The final invalidity contentions included charts on pre-mixing performed by practitioners.  Dr. Nestor's fact testimony about his pre-mixing and knowledge of others pre-mixing during the relevant period is nothing more than confirmation of the existence of the pre-mixing of lidocaine and HA-BDDE dermal fillers  an activity that the parties have long agreed was occurring before the priority date of the patents-in-suit.  *See* Plaintiffs' Opening Claim Construction Brief, p. 4 ("At that time, physicians were commonly treating patients with lidocaine either topically or by injection before injecting the HA filler.  Alternatively, some physicians were mixing lidocaine into the HA filler immediately before injection").

In addition to its direct relevance to the patents-in-suit lack of validity, these portions of Dr. Nestor's report are properly rebutting portions of Dr. Berkland and Dr. Lupo's reports.  Dr. Lupo discusses at length the practice of pre-mixing lidocaine, which she argues is inferior to a dermal filler with lidocaine incorporated during manufacturing.  *See, e.g.*, Expert Report of Mary Lupo, M.D., ¶¶ 46-49, 64-67.  Dr. Berkland explicitly references Dr. Lupo's report when stating his opinion that there was a long-felt, unmet need for an HA-BDDE dermal filler containing lidocaine.  Expert Report of Cory J. Berkland, Ph.D. regarding Objective Indicia of Nonobviousness, ¶¶ 119-20.  At the very least, by placing the topic at issue, Allergan invited a rebuttal report addressing the specifics of the pre-mixing activities conducted by dermatologists.

Moreover, a valid rebuttal to the damages reports submitted by Allergan includes discussing acceptable, non-infringing alternatives to the Juvederm products containing lidocaine.  A pre-mixed composition of lidocaine and dermal filler is one such alternative.  As such, Defendants are well within their rights to submit a report discussing those non-infringing alternatives, which is exactly what Dr. Nestor has done.

For the above reasons, we will not be withdrawing or modifying any portion of Dr. Nestor's report.

Best regards,

Bill

---

**From:** Elizabeth M. Flanagan [EFlanagan@fr.com]
**Sent:** Thursday, March 26, 2015 7:32 AM
**To:** Schmedlin, William (x2049); Howard, Scott B. (x2451)
**Cc:** Lara S. Garner; Craig Countryman; Pinto, Adam E. (x2156); Rossen, Ben (x2379)
**Subject:** Re: Allergan v. Medicis - Nestor report

Bill,

We have received no response on the below issues. Please advise by noon EST.

Betsy

1

EXHIBIT 7
PAGE 65

From: Betsy Flanagan <EFlanagan@fr.com<mailto:EFlanagan@fr.com>>
Date: Wednesday, March 25, 2015 at 9:06 AM
To: "Schmedlin, William (x2049)" <wschmedlin@pbwt.com<mailto:wschmedlin@pbwt.com>>, "Howard, Scott B. (x2451)" <sbhoward@pbwt.com<mailto:sbhoward@pbwt.com>>
Cc: "Lara S. Garner" <LGarner@fr.com<mailto:LGarner@fr.com>>, Craig Countryman <Countryman@fr.com<mailto:Countryman@fr.com>>, "Pinto, Adam E. (x2156)" <apinto@pbwt.com<mailto:apinto@pbwt.com>>, "Rossen, Ben (x2379)" <brossen@pbwt.com<mailto:brossen@pbwt.com>>
Subject: Allergan v. Medicis - Nestor report

Bill, Scott:

A portion of Defendants' March 23, 2015 rebuttal expert report from Dr. Nestor is untimely under the Standing Patent Rules and the Federal Rules of Civil Procedure. In particular, Dr. Nestor includes new, previously undisclosed contentions about an alleged prior use involving mixing HA-BDDE fillers with lidocaine at paragraphs 45 and 46 of his report. He also cites a new article at footnote 29 of his report that is previously undisclosed. These disclosures are untimely for at least two reasons. First, Standing Patent Rule 2.5.1 requires disclosure of all information identifying an allegedly invalidating prior use. Second, Federal Rule of Civil Procedure 26 and the Court's Scheduling Order required Defendants to disclose any information related to their invalidity defenses by the February 17, 2015 deadline for opening expert reports, and to satisfy the good cause standard for asserting new arguments at that time. Yet neither Dr. Nestor nor the article cited at footnote 29 were mentioned in Defendants' invalidity contentions or their opening expert reports.

Allergan thus intends to file an ex parte motion to strike these untimely disclosures. Can you please let us know Defendants' position on this issue by the close of business today? Please copy my colleagues on any correspondence.

Thank you,
Betsy

**********************************************************************************************
**************************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
**********************************************************************************************
**************************

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to Internet email for messages of this
kind.