# EXHIBIT N

Donald G. Norris (SBN 90000)
Douglas F. Galanter (SBN 93740)
Norris & Galanter LLP
523 W. Sixth St., Suite 716
Los Angeles, CA 90014
Tel:    213-232-0855/ Fax: 213-286-9499
dnorris@norgallaw.com
dgalanter@norgallaw.com

William F. Cavanaugh (SBN 133461)
Scott B. Howard (admitted *pro hac vice*)
William F. Schmedlin (admitted *pro hac vice*)
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone:    (212) 336-2000/ Fax:  (212) 336-2222
wcavanaugh@pbwt.com
sbhoward@pbwt.com
wschmedlin@pbwt.com

Attorneys for Defendants
MEDICIS AESTHETICS, INC., MEDICIS PHARMACEUTICAL CORP., VALEANT
PHARMACEUTICALS NORTH AMERICA LLC,
VALEANT PHARMACEUTICALS INTERNATIONAL,
VALEANT PHARMACEUTICALS INTERNATIONAL, INC., and GALDERMA
LABORATORIES, L.P.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLERGAN USA, INC., and ALLERGAN INDUSTRIE, SAS, <br><br> Plaintiffs, <br><br> v. <br><br> MEDICIS AESTHETICS, INC., MEDICIS PHARMACEUTICAL CORP., VALEANT PHARMACEUTICALS NORTH AMERICA LLC, VALEANT PHARMACEUTICALS INTERNATIONAL, VALEANT PHARMACEUTICALS INTERNATIONAL, INC., and GALDERMA LABORATORIES, L.P. <br><br> Defendants. | Case No. 8:13-cv-01436 AG (JPRx) <br><br> **DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFFS ALLERGAN USA, INC. AND ALLERGAN INDUSTRIE, SAS (NUMBERS 1-11)** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California, Defendants Medicis Aesthetics, Inc., Medicis Pharmaceutical Corp., Valeant Pharmaceuticals North America LLC, Valeant Pharmaceuticals International, Valeant Pharmaceuticals International, Inc., and Galderma Laboratories, L.P. ("Defendants") hereby request that Plaintiffs Allergan USA, Inc. and Allergan Industrie, SAS (collectively, "Allergan" or "Plaintiffs") respond to the Requests for Admission set forth herein. Defendants further request that Allergan serve a written response, under oath, within thirty (30) days after service of this request. Answers must be signed and verified by the person making them and objections signed by the attorney making them. If any objection is made to any part of any Request for Admission, Allergan shall specify the part of the Request for Admission to which an objection is made and respond to the remainder.

## DEFINITIONS

1. "Plaintiffs," "Allergan," "You," or "Your" refer to Allergan USA, Inc. and Allergan Industrie, SAS, and all parents, subsidiaries, divisions, affiliates, officers, and agents thereof.

2. "Defendants" means Medicis Aesthetics, Inc., Medicis Pharmaceutical Corp., Valeant Pharmaceuticals North America LLC, Valeant Pharmaceuticals International, Valeant Pharmaceuticals International, Inc., and Galderma Laboratories, L.P., collectively.

3. "Person" or "Persons" means any individual or firm, association, organization, joint venture, trust, partnership, corporation, or other collective organization or entity.

4. "Infringe," "Infringing," and "Infringement" refer to direct infringement, contributory infringement, inducement of infringement, literal infringement, and/or infringement under the doctrine of equivalents.

5. "Referring to" and "Relating to" shall mean describing, evidencing, consisting of, pertaining to, reflecting or having any logical or factual connection with the matter discussed.

6. "Concerning" shall mean relating to, referring to, describing, evidencing, comprising or constituting.

7. The phrase "'475 patent" means and refers to United States Patent No. 8,450,475.

8.     The phrase "'795 patent" means and refers to United States Patent No. 8,357,795.

9.     The phrase "Patents-in-Suit" means and refers to the '475 and '795 patent.

10.    The phrase "HA" means and refers to hyaluronic acid.

11.    "Accused Product" means any product or method that You accuse of infringement in this litigation.

12.    "Prior Art" shall be construed in accordance with the meaning given that term in Title 35, United States Code, and interpretations thereof provided by the federal judiciary.

13.    "Patent" includes all U.S. Patents and all foreign protection for intellectual property rights whether called a "Patent" or not.

## INSTRUCTIONS

1.     If You find the meaning of any term in the Requests for Admission to be unclear, then you should assume a reasonable meaning, state what the assumed meaning is, and answer the Request on the basis of that assumed meaning.

2.     Any denial of a Request must fairly meet the substance of the Request.

3.     If You deny any of the Requests, or any part thereof, set forth specifically the matters that are being denied and all grounds and reasons for the denial of each such Request, and produce all documents that support Your denial or denials.

4.     Each Request must be answered separately.

5.     If written objections to a Request, or any part thereof, are made by You, the remainder of the Request shall be answered.

6.     If good faith requires that You deny only a part, or requires a qualification, of a matter that is the subject of a Request, You shall admit so much of the Request as is true and deny only the remainder.

7.     These requests shall be deemed to seek answers as of the date of service thereof and to the full extent of the Federal Rules of Civil Procedure. These Requests for Admission are of a continuing nature and You are required to provide supplemental responses promptly if You obtain further or different information after the date of Your initial response.

8.      The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

9.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

10.     These requests seek all information that is known to You, Your representatives, agents, employees, investigators, consultants and their counsel, or within their possession, custody, and/or control.

11.     If, after exercising due diligence to secure the information requested, an individual Request or any part thereof cannot be fully answered, please state the reasons for the inability to fully answer, answer the individual Request to the fullest extent possible, and state what information, knowledge, or belief you have concerning the unanswered portion.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that physicians in the United States added lidocaine to Perlane® immediately before use prior to August 4, 2007.

**REQUEST FOR ADMISSION NO. 2:**

Admit that physicians in the United States added lidocaine to Restylane® immediately before use prior to August 4, 2007.

**REQUEST FOR ADMISSION NO. 3:**

Admit that physicians in the United States added lidocaine to the Juvederm® products immediately before use prior to August 4, 2007.

**REQUEST FOR ADMISSION NO. 4:**

Admit that physicians added lidocaine to Perlane® immediately before use prior to 2005.

**REQUEST FOR ADMISSION NO. 5:**

Admit that physicians added lidocaine to Restylane® immediately before use prior to 2005.

**REQUEST FOR ADMISSION NO. 6:**

Admit that physicians added lidocaine to Juvederm® products immediately before use prior to 2005.

**REQUEST FOR ADMISSION NO. 7:**

Admit that a physician adding lidocaine to Perlane® immediately before use would not infringe the Patents-in-Suit.

**REQUEST FOR ADMISSION NO. 8:**

Admit that a physician adding lidocaine to Restylane® immediately before use would not infringe the Patents-in-Suit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that a physician adding lidocaine to Perlane® immediately before use would be an acceptable non-infringing alternative to Perlane-L®.

**REQUEST FOR ADMISSION NO. 10:**

Admit that a physician adding lidocaine to Restylane® immediately before use would be an acceptable non-infringing alternative to Restylane-L®.

**REQUEST FOR ADMISSION NO. 11:**

Admit that a physician adding lidocaine to Restylane® or Perlane® immediately before use would not be practicing one or more of the claims in the Patents-in-Suit.

Dated: January 13, 2015                                  Respectfully submitted,

                                                         By: /s/ William F. Cavanaugh, Jr.
                                                         William F. Cavanaugh, Jr.

1
2
3
4
5
6

Attorneys for Defendants
MEDICIS AESTHETICS, INC.,
MEDICIS PHARMACEUTICAL CORP.,
VALEANT PHARMACEUTICALS NORTH AMERICA LLC,
VALEANT PHARMACEUTICALS INTERNATIONAL,
VALEANT PHARMACEUTICALS INTERNATIONAL, INC., and GALDERMA LABORATORIES, L.P.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-6-

<u>PROOF OF SERVICE</u>

I am employed in the County of New York, my business address is Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, New York 10036.  I am over the age of 18 and not a party to the foregoing action.

On January 13, 2015, I caused a copy of the following document(s):

**DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO ALLERGAN USA, INC. AND ALLERGAN INDUSTRIE, SAS (NOS. 1-11)**

to be served on the interested parties in this action by ELECTRONIC MAIL, via the email addresses set forth below:

brooks@fr.com
lgarner@fr.com
countryman@fr.com
singer@fr.com
kane@fr.com
coletti@fr.com
eflanagan@fr.com

| | |
|---|---|
| Juanita R. Brooks | Craig E. Countryman |
| Garner | Fish & Richardson P.C. |
| Fish & Richardson P.C. | 555 W. 5th Street, 31st Floor |
| 12390 El Camino Real | Los Angeles, California 90013 |
| San Diego, CA 92130 | |
| | Susan M. Coletti |
| Jonathan E. Singer | Elizabeth M. Flanagan |
| Michael J. Kane | Fish & Richardson P.C. |
| Fish & Richardson P.C. | 222 Delaware Avenue, 17th Floor |
| 60 South Sixth Street, Suite 3200 | Wilmington, DE 19899 |
| Minneapolis, MN 55402 | |

I declare under penalty of perjury that the above is true and correct. Executed on January 13, 2015, at New York, NY.

/s/ William F. Schmedlin
William F. Schmedlin