# EXHIBIT U

1  Juanita R. Brooks (CA Bar No. 75934) (brooks@fr.com)
   Lara S. Garner (CA Bar No. 234701) (lgarner@fr.com)
2  FISH & RICHARDSON P.C.
   12390 El Camino Real
3  San Diego, CA 92130
   Telephone: (858) 678-5070 / Fax: (858) 678-5099
4
   Craig E. Countryman (CA Bar No. 244601) (countryman@fr.com)
5  FISH & RICHARDSON P.C.
   555 W. 5th Street, 31st Floor
6  Los Angeles, California 90013
   Telephone: (213) 533-4240 / Fax: (213) 996-8304
7
   Jonathan E. Singer (CA Bar No. 187908) (singer@fr.com)
8  *Michael J. Kane (pro hac vice) (kane@fr.com)*
   FISH & RICHARDSON P.C.
9  60 South Sixth Street, Suite 3200
   Minneapolis, MN 55402
10 Telephone: (612) 335-5070 / Fax: (612) 288-9696

11 Susan M. Coletti *(pro hac vice) (coletti@fr.com)*
   Elizabeth M. Flanagan *(pro hac vice) (eflanagan@fr.com)*
12 FISH & RICHARDSON P.C.
   222 Delaware Avenue, 17th Floor
13 Wilmington, DE 19899
   Telephone: (302) 652-5070 / Fax: (302) 652-0607
14

15 Attorneys for Plaintiffs
   ALLERGAN USA, INC. and
16 ALLERGAN INDUSTRIE, SAS

17
                UNITED STATES DISTRICT COURT
18
                CENTRAL DISTRICT OF CALIFORNIA
19
   ALLERGAN USA, INC., and              Case No. SACV13-01436 AG (JPRx)
20 ALLERGAN INDUSTRIE, SAS,
                                        **PLAINTIFF'S FIRST SET OF**
21              Plaintiffs,             **REQUESTS FOR ADMISSION**
                                        **[NOS. 1-12]**
22 v.

23 MEDICIS AESTHETICS, INC.,
   MEDICIS PHARMACEUTICAL CORP.,
24 VALEANT PHARMACEUTICALS
   NORTH AMERICA LLC,
25 VALEANT PHARMACEUTICALS
   INTERNATIONAL, VALEANT
26 PHARMACEUTICALS
   INTERNATIONAL, INC., AND
27 GALDERMA LABORATORIES, L.P.

28              Defendants.

1       Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure,
2 Plaintiffs Allergan USA, Inc., and Allergan Industries, SAS request that Defendants
3 Medicis Aesthetics, Inc., Medicis Pharmaceutical Corp., Valeant Pharmaceuticals
4 North America LLC, Valeant Pharmaceuticals International, Valeant
5 Pharmaceuticals International, Inc. and Galderma Laboratories, L.P. answer the
6 following Requests for Admission separately and fully, in writing, under oath, by an
7 officer or agent of Medicis Aesthetics, Inc., Medicis Pharmaceutical Corp., Valeant
8 Pharmaceuticals North America LLC, Valeant Pharmaceuticals International,
9 Valeant Pharmaceuticals International, Inc. and Galderma Laboratories, L.P., within
10 thirty (30) days after service. Answers must be signed and verified by the person
11 making them and objections signed by the attorney making them. The following
12 definitions and instructions apply.

### DEFINITIONS

14   1.   "Plaintiffs" mean and refer to Allergan USA, Inc., and Allergan
15 Industries, SAS.
16   2.   "Defendants", "you", and "your" mean and refer to Medicis Aesthetics,
17 Inc., Medicis Pharmaceutical Corp., Valeant Pharmaceuticals North American LLC,
18 Valeant Pharmaceuticals International, Valeant Pharmaceuticals International, Inc.,
19 Galderma Laboratories, L.P. and every present and former officer, director,
20 managing agent, employee, attorney, consultant, expert, and all other persons
21 purporting to act on behalf of Defendants or their corporate predecessors, and are
22 meant to include, without limitation, any parent company, predecessor-in-interest,
23 successor, division or subsidiary.
24   3.   The term "HA" means and refers to hyaluronic acid.
25   4.   The term "HA component" means and refers to (1) HA cross linked
26 with 1,4-butanediol diglycidyl ether (BDDE), and uncrosslinked HA, or (2) to HA
27 crosslinked with a crosslinking agent selected from the group consisting of 1,4-

butanediol diglycidyl ether (BDDE), 1,4-bis(2,3-epoxypropoxy)butane, 1,4-bisglycidyloxybutane, 1,2-bis(2,3-epoxypropoxy)ethylene and 1-(2,3-epoxypropyl)-2,3-epoxycyclohexane.

## INSTRUCTIONS

A. Answer each request for admission separately and fully in writing under oath. If you object to any request for admission in part, respond to the extent you do not claim the request for admission is objectionable.

B. You are to apply the Court's claim constructions in responding to these requests. (*See* D.I. No. 79.)

C. If, in responding to these requests for admission, you encounter any ambiguity or vagueness in construing the request or any definition or instruction, set forth what you deem ambiguous and the construction chosen or used in responding to such request.

D. Where a request for admission does not specifically request a particular fact(s) but where such fact(s) is necessary to make the answer(s) to the request either comprehensible or not misleading, you are requested to include such fact(s) as part of your answer.

E. Where an objection is made to a request for admission, state all grounds upon which your objection is based. If you object to any request in part, respond to the extent you do not claim the request is objectionable.

F. If, after exercising due diligence to obtain the requested information, you cannot answer any of the following requests for admission in full, answer to the extent possible and specify what efforts you made to obtain the requested information and the reasons why you are unable to answer the remainder of the request.

G. The obligation to answer these requests for admission is continuing and you are required to provide supplemental responses in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1:

Admit that Perlane-L® comprises a HA component.

REQUEST FOR ADMISSION NO. 2:

Admit that the HA component of Perlane-L® comprises particles of crosslinked HA in a relatively fluidic medium of uncrosslinked HA.

REQUEST FOR ADMISSION NO. 3:

Admit that the HA component of Perlane-L® is a hydrated gel.

REQUEST FOR ADMISSION NO. 4:

Admit that the lidocaine in Perlane-L® is freely released in vivo.

REQUEST FOR ADMISSION NO. 5:

Admit that the lidocaine in Perlane-L® is freely released in a patient's body.

REQUEST FOR ADMISSION NO. 6:

Admit that Perlane-L® has an extrusion force that is substantially constant for at least 9 months.

REQUEST FOR ADMISSION NO. 7:

Admit that Restylane-L® comprises a HA component.

REQUEST FOR ADMISSION NO. 8:

Admit that the HA component of Restylane-L® comprises particles of crosslinked HA in a relatively fluidic medium of uncrosslinked HA.

REQUEST FOR ADMISSION NO. 9:

Admit that the HA component of Restylane-L® is a hydrated gel.

REQUEST FOR ADMISSION NO. 10:

Admit that the lidocaine in Restylane-L® is freely released in vivo.

1 | REQUEST FOR ADMISSION NO. 11:

2 | Admit that the lidocaine in Restylane-L® is freely released in a patient's body.

3 | REQUEST FOR ADMISSION NO. 12:

4 | Admit that Restylane-L® has an extrusion force that is substantially constant for at
5 | least 9 months.

7 | Dated: December 8, 2014

FISH & RICHARDSON P.C.

By: /s/ Elizabeth M. Flanagan
Elizabeth M. Flanagan

Attorneys for Plaintiffs
ALLERGAN USA, INC. AND
ALLERGAN INDUSTRIE, SAS

## PROOF OF SERVICE

I am employed in the County of New Castle, my business address is Fish & Richardson P.C., 222 Delaware Avenue, 17th Floor, Wilmington, Delaware. I am over the age of 18 and not a party to the foregoing action.

On December 8, 2014, I caused a copy of the following document(s):

**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

to be served on the interested parties in this action by ELECTRONIC MAIL as follows:

Donald G. Norris
dnorris@norgallaw.com
Douglas F. Galanter
dgalanter@norgallaw.com
Norris & Galanter LLP
523 West Sixth Street
Suite 716
Los Angeles, CA 90014

William F. Cavanaugh, Jr.
wfcavanaugh@pbwt.com
William F. Schmedlin
wschmedlin@pbwt.com
Scott B. Howard
sbhoward@pbwt.com
Adam E. Pinto
apinto@pbwt.com
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

[X] **ELECTRONIC MAIL:**  Such document was transmitted by electronic mail to the addressees' email addresses as stated above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct. Executed on December 8, 2014, at Wilmington, DE.

/s/ Kim M. Kilby
Kim M. Kilby

80146746.doc